## J. M. PHELPS *et al.*

*v.*

## GEORGE F. HARDING.

CHANCERY—*bill to set aside tax sale as a cloud on title.* Where the owner of real estate seeks the aid of a court of equity to set aside tax sales of the premises, made before he acquired title, and the certificates of the purchase, as a cloud upon his title, he should do equity, and will be required to pay to the holder of the certificates the amounts expressed therein, and the taxes paid by him, as a condition to the relief sought.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the plaintiffs in error.

Mr. WILLIAM S. BRACKETT, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The record in this cause is brought here by writ of error to the Superior Court of Cook county, and shows a cause tried on the equity side of that court, wherein George F. Harding was complainant, and J. M. Phelps, Benjamin F. Ray, John V.

Farwell and Charles B. Farwell were defendants; the scope of the bill being to obtain a decree setting aside the claims of the defendants on the premises in controversy, and complainant quieted in the possession thereof, and for general relief.

The defendants put in their answer to the bill, setting out in full the grounds of their claim and interest in the premises, which appear to be a purchase of the premises at a sale for taxes evidenced by the usual certificate issued in such case, and the payment of all subsequent taxes, the purchase and payment of taxes having been made by Phelps and Ray with the money of the Farwells and for their use and benefit. In support of their answer, the defendants Phelps and the Farwells filed their cross-bill, in which is set up the sale and purchase of the premises for taxes, and averring a readiness and willingness and an offer to complainant to release all their claims on being reimbursed the taxes so paid by them. The cross-bill prays, as complainant asks in the original and amended bills, the equitable aid of the court, that he be compelled to do equity by paying them their advances for taxes, and that their claim may be declared a valid lien upon the premises and they made subject to its payment.

This bill was fully answered by complainant, and replications duly filed, and the cause heard on the pleadings and stipulations of the parties, and a decree passed as prayed by complainant in his amended bill.

The premises about which this controversy arises were the property of one Richard Mason, who, on October 17, 1867, mortgaged them to the Connecticut Mutual Life Insurance Company to secure the payment of $25,000, covenanting in and by the mortgage to pay all taxes that might be assessed thereon. This mortgage was duly recorded October 18, 1867. On November 1, 1869, Richard Mason and wife executed and delivered a warranty deed of the premises to one Henry Witbeck, which was duly recorded. On November 20, 1869, Witbeck executed an instrument to George A. Lowell, the husband of a daughter of Richard Mason, to sell the land to him. It is

not shown in the stipulation when Richard Mason died, nor is his death therein alluded to, but it appears, otherwise, that he died in 1870, and in November, 1871, the Farwells contracted to buy the interest of the heirs of Richard Mason, deceased, in the premises, and on the strength thereof, they filed a bill in the names of these heirs as complainants, and against Witbeck, alleging that the conveyance to him by Richard Mason was but a mortgage, made in the form of a deed, for purposes of security, basing the allegation upon the fact of the execution of the above instrument by Witbeck to Lowell, which provided for a reconveyance by Witbeck on the payment of certain indebtedness due Witbeck and his co-partners from the mortgagor, and a decree was prayed that the deed be declared a mortgage, and to redeem the same. This bill was pending and was not dismissed until after the sale to complainant of the premises, in June, 1875, by the master in chancery under the decree of the United States District Court of the Northern District of Illinois, and up to that time the Farwells claimed the premises under the conveyance of the heirs of Mason. Complainant was in possession of the premises at the time this bill was filed. In the spring of 1872, the Farwells received the title of the heirs of Richard Mason to these premises, and undertook to take possession by erecting a house thereon. On January 6, 1872, Witbeck and wife passed all their interest in the premises, by a quitclaim deed, to Abner C. Harding, which was duly recorded. In February, 1872, certain parties, Reed, Cutter and Bowen, released to A. C. Harding all their interest in the premises.

On February 14, 1874, the Connecticut Mutual Life Insurance Company filed in the Circuit Court of the United States for the Northern District of this State, a bill to foreclose the mortgage executed by Richard Mason and wife to that company on October 17, 1867, to which bill of complaint, A. C. Harding, the Farwells, with Witbeck and others, were made defendants, and were duly summoned. The allegation as to the defendants, the Farwells and the others, was, that they

have, or claim to have, some interest in the mortgaged premises, or some part thereof, either as subsequent purchasers, incumbrancers, judgment creditors, or otherwise, and to be entitled to redeem the same; and it is further alleged in the bill, that the interest which the Farwells have, if they have any interest, accrued subsequent to the lien of the mortgage, and is subject thereto, and that defendants ought either to pay what is due to complainant, or to release their equity of redemption, which they refuse to do.

The bill was taken as confessed against the Farwells, and the court rendered a decree of foreclosure and for a sale of the premises. Under this decree, the premises were sold to the complainant in this bill, George F. Harding, defendant in error here, the sale confirmed by the court and a deed for the premises duly executed and delivered to him.

It is further stipulated that Phelps and Ray, as agents for the Farwells, bought these premises at the several tax sales, in trust for and with the money of the Farwells. These sales and purchases for delinquent taxes, it appears, were made in 1873 and 1874.

The Superior Court found by its decree that this claim of the Farwells, arising out of these sales and tax certificates, was of no force, and that the certificates should be set aside, and that they be barred and foreclosed from setting up any title or claim to the premises, under and by virtue of those tax sales, and this is the only point of any importance in the case.

Plaintiffs in error raise several questions, which we have considered, and have reached these conclusions upon the whole case as it appears in the record :

The defendant in error is the aggressor in this controversy, as he claimed the interposition of a court of equity to compel the cancellation of these tax certificates held by the Farwells against these premises, in order that he might be quieted in the possession of the property. He is the actor, and by appealing to a court of equity to aid him to brush out of his way what he deems an obstacle to the beneficial enjoyment of

the premises, it would seem equitable and just he should reimburse the holders of these certificates. They may be of value to them. If they are of no value and of no validity, they could not be set up any where in 'any court to the injury of the defendant in error. He, however, has treated them as having validity and as calculated to disturb him in the tranquil enjoyment of the property. Those taxes were a charge upon the land, and have been paid by plaintiffs in error, and it seems equitable that the defendant in error seeking to set them aside, should be allowed to do so, upon the condition that he refund the taxes paid and the amount expressed in the certificates of sale, to the plaintiffs in error. As the defendant in error desires these certificates put out of his way, equity says, in doing so, require him to pay the money expressed in them. The view taken by the court below was injustice to plaintiffs in error, and the decree must be reversed, and the cause remanded, with directions to enter a decree consistent with this opinion.

*Decree reversed.*