## JAMES H. DURFEE ET AL.

v.

## JOHN MURRAY ET AL.

TAX SALE—SETTING ASIDE—TENDER OF TAXES.—In a proceeding in equity by the owner of land to set aside and declare void a sale of land for taxes, and certificate issued thereunder, the complainant must first pay, or offer to pay to the holder of such certificate, the amount expressed therein, and the amount paid for subsequent taxes, if any.

ERROR to the Circuit Court of Piatt county; the Hon. C. B. SMITH, Judge, presiding.   Opinion filed September 29, 1880.

Mr. SAMUEL R. REED, Mr. ALBERT EMERSON, and Messrs. CREA & EWING, for plaintiffs in error; as to the sufficiency of the proceedings for sale, cited Beers v. The People, 83 Ill. 488.

There is a remedy at law in case of an irregular sale: Hamilton v. Quimby, 46 Ill. 90; Springer v. Rosette, 47 Ill. 223.

In a bill to remove cloud upon title the complainant should allege possession of the premises: Hardin v. Jones, 86 Ill. 315; West v. Schnebly, 34 Ill. 523.

Messrs. LODGE & HUSTON, for defendants in error, cited Beers v. The People, 83 Ill. 488; Polk v. Hill, 15 Ill. 131; Brown v. Hogle, 30 Ill. 119.

DAVIS, J.    James H. Dürfee was the purchaser at a tax sale of the land in controversy, under a judgment rendered against the land by the county court of Piatt county at its June term, 1879.    He paid the amount of his bid, which was the amount of the taxes and costs, and Andrew L. Rodgers, the county clerk of said county, delivered to him a certificate of purchase of said land.

John Murray and Andrew J. Piatt were the owners of the land so sold, and shortly after the sale they filed a bill in chancery against plaintiffs in error, praying that the sale might be found to be illegal, null and void; that Durfee might be ordered to cancel and surrender the certificate of purchase; that Rodgers might be ordered to cancel and expunge the record of the sale of their land so sold; that the sale might be annulled, and that their title to the land might be cleared from the cloud cast upon it by the sale.    No offer was made in the bill to pay Durfee the amount he had paid at the sale.    To this bill Durfee interposed a general demurrer, which was overruled by the court, and Durfee, electing to stand by his demurrer, a decree was rendered against him, as prayed by defendants in error, and to reverse the decree, this writ of error was prosecuted.

The only question presented by the record is, whether the court erred in overruling the demurrer to the bill of complaint. In Phelps et al. v. Harding, 87 Ill. 442, it was held that where the owner of real estate sold for taxes and a certificate granted, seeks the aid of a court of equity to set aside the sale and the certificate of purchase as a cloud upon his title, he must do equity by refunding to the holder of the certificate the amount expressed therein, and the taxes subsequently paid, if any.

And in Farwell et al. v. Harding, reported in the Northwestern Reporter, Illinois Supplement, Vol. 2, No. 1, which was the same case again before the Supreme Court, it was also held that " When the owner of land comes into a court of

equity and prays that the tax sale may be canceled and set aside for certain well grounded reasons set up in the bill, then it is that a court of equity, as a condition upon which the relief shall be granted, has the right to impose equitable terms upon the complainant."

And the court cited with approval 1 Story Equity Juris. Sec. 301, and quoted the language of the author, as follows: "If the borrower comes into a court of equity, seeking relief against the usurious contract, the only terms upon which the court will interfere, are that the plaintiff will pay the defendant what is really and *bona fide* due to him, deducting the usurious interest, and if the plaintiff do not make such offer in his bill, the defendant may demur to it, and the bill will be dismissed." And it is added in the case cited above that " It will be observed that the complainant Harding, in his bill in this case, did not offer to pay the amount the Farwells had advanced, and on this ground the bill was demurrable, and had a demurrer been interposed, the court could have done no less than dismiss the bill."

In the case before us, no such offer was made in the bill, and a demurrer having been interposed, it should have been sustained.

The court below erred, therefore, in overruling the demurrer, and for that error the decree must be reversed, and the cause remanded, with instructions to the court to sustain the demurrer, and dismiss the bill of complaint.

Decree reversed.