## S. C. AMES *et al.*

### *v.*

## JACOB SANKEY *et al.*

### *Filed at Ottawa May 16, 1889.*

1. SALE OF LAND FOR TAXES—*of the process, and the form thereof.* Section 194 of the Revenue law provides, that on the day advertised for sale, the county clerk, assisted by the collector, shall carefully examine the list upon which judgment has been rendered, etc., and shall make a certificate, to be entered on said record, following the order of court, that such record is correct, and that the judgment was rendered upon the property therein mentioned, for the taxes, interest and costs due thereon. This certificate is to be attested by the clerk, under the seal of the court, and is made the process under which all sales are made. Without such attested certificate a sale of land, or any interest therein, is void, and no title can be derived from any such sale.

2. Where the law expressly directs that process shall be issued in a specified form, such a provision is mandatory. This rule applies to that which stands in the place of process, and performs its office.

3. CLOUD UPON TITLE—*void tax certificates.* Where tax certificates are issued upon a void sale for taxes, a court of equity will set them aside as clouds on the title, at the suit of the owner, although the time of redemption from the sale has not expired, the owner being in possession or the land being vacant and unoccupied.

4. SAME—*setting aside void tax certificates—upon terms.* On bill to set aside tax certificates when the sale is void, as being a cloud on title, the amount the complainant should be required to pay to entitle himself to the relief sought, is the amount paid at the tax sale, together with the subsequent taxes paid, and interest at the rate of six per cent per annum from the dates of the respective judgments.

WRIT OF ERROR to the Appellate Court for the First District; —heard in that court on writ of error to the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. H. S. McCARTNEY, for the plaintiffs in error:

Can a party who suffers his land to be sold for taxes, come into a court of equity before the time of redemption expires, and by some technical error not affecting the justice of the tax,

have the sale cancelled without paying the statutory rates? *Gage* v. *Rohrbach*, 56 Ill. 262; *Gage* v. *Chapman*, id. 311; *Phelps* v. *Harding*, 87 id. 442; *Gage* v. *Nichols*, 112 id. 269.

Mr. F. W. S. BRAWLEY, for the defendants in error:

All the facts stated in the bill are admitted by the demurrer. *Gage* v. *Bailey*, 115 Ill. 646; *Cobb* v. *Railroad Co.* 68 id. 233.

The clerk's certificate was required by section 194, chapter 120, of the Revised Statutes. *Eagan* v. *Connelly*, 107 Ill. 466.

The certificate of the clerk was indispensable as his attestation to an execution. There was no precept, and no authority to make the sale in this case. *Sidwell* v. *Schumacher*, 99 Ill. 426; *Eagan* v. *Connelly*, 107 id. 466; *Bell* v. *Johnson*, 111 id. 381.

The pretended sales were clouds upon complainants' title, and he was entitled to the relief sought, in equity. *Phelps* v. *Harding*, 87 Ill. 442; *Farwell* v. *Harding*, 96 id. 32; *Bell* v. *Johnson*, 111 id. 374; *Gage* v. *Rohrbach*, 56 id. 262; *Barnett* v. *Cline*, 60 id. 205; *Gage* v. *Chapman*, 56 id. 311; *Gage* v. *Billings*, id. 268; *Gage* v. *Abbott*, 99 id. 366; *Gage* v. *Nichols*, 112 id. 269; *Wing* v. *Sherrer*, 77 id. 200; *Reed* v. *Tyler*, 56 id. 288; *Hodgen* v. *Guttery*, 58 id. 431; *Brooks* v. *Kearns*, 86 id. 547; Cooley on Taxation, 542, 543.

It was error to sustain the demurrer to the bill for want of equity, there being equity in the bill, and the demurrer going to the whole bill. *Westcott* v. *Wicks*, 72 Ill. 524; *Crane* v. *Hutchinson*, 3 Bradw. 31.

For want of the proper legal process of sale, the tax certificates were void, but they operated as a cloud on complainants' title, and it is well settled that equity will remove clouds from the title to real estate. *Wing* v. *Sherrer*, 77 Ill. 200; *Whitney* v. *Stevens*, 97 id. 482; *Campbell* v. *McCahan*, 41 id. 45; *Hodgen* v. *Guttery*, 58 id. 431.

The case made by the bill seems to fall directly within the principle of the cases in *Phelps* v. *Harding*, 87 Ill. 472, *Far-*

*well* v. *Harding*, 96 id. 32, *Durfee* v. *Murray*, 7 Bradw. 213, *Peacock* v. *Carnes*, 110 Ill. 99, and *Gage* v. *Rohrbach*, 56 id. 262.

In this case, the court say a worthless certificate in a tax sale is a cloud on the title. *Gage* v. *Chapman*, 56 Ill. 311; *Bell* v. *Johnson*, 111 id. 374; *Eagan* v. *Connelly*, 107 id. 458.

The sales having been made without the certificates of the clerk, as required by the statute, were therefore illegal, and the Supreme Court of Illinois has decided "that in the case of a tax certificate issued upon an illegal sale of land for taxes, a court of equity will take jurisdiction to annul the sale and cancel the tax certificate, and thus remove a cloud upon the title of the land." *Gage* v. *Chapman*, 56 Ill. 314.

While Sankey might have had a defense at law, it can not be said he had a remedy at law. (*Gage* v. *Billings*, 56 Ill. 268.) Sankey did not ask to recover anything,—only that the cloud on his title should be removed. He made the proper offer to do equity, and it would seem that he was entitled to this relief, in equity, beyond question, on payment of the taxes paid by the holder of the certificates, with six per cent interest thereon. *Barnett* v. *Cline*, 60 Ill. 207; *Phelps* v. *Harding*, 87 id. 442; *Farwell* v. *Harding*, 96 id. 32; *Moore* v. *Wayman*, 107 id. 192; *Smith* v. *Hutchinson*, 108 id. 662; *Peacock* v. *Carnes*, 110 id. 99; *Bell* v. *Johnson*, 111 id. 374; *Carnes* v. *Peacock*, 114 id. 347; *Gage* v. *Pirtle*, 124 id. 502.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill to remove certain tax certificates as clouds upon the title to certain lots in Chicago. The tax sales were made in October, 1884. The bill was filed in July, 1886, several months before the expiration of the period of redemption. The only question in the case is, whether the bill will lie, and we think that this question must be answered in the affirmative. *First*, the tax certificates of purchase issued by the County Clerk were void, because the clerk did not make and

enter upon the record the certificate required by section 194 of the Revenue Act. (Starr & Cur. Stat. vol. 2, page 2093). That section provides, that, on the day advertised for sale, the county clerk, assisted by the collector, shall carefully examine the list, upon which judgment has been rendered, etc., and shall make a certificate to be entered on said record following the order of court, that such record is correct, and that judgment was rendered upon the property therein mentioned for the taxes, interest and costs due thereon. The section also provides, that the certificate, so to be made and entered by the clerk, shall be attested by him under seal of the court, and shall be the process on which all real property or any interest therein shall be sold for taxes, special assessments, interest and costs due thereon. Such certificate is required to be substantially in the form set out in the section.

Where the law expressly directs that process shall be in a specified form, and issued in a particular manner, such a provision is mandatory. (*Sidwell* v. *Schumacher*, 99 Ill. 426). This rule applies to that which stands in the place of process and performs its office. (*Eagan* v. *Connelly*, 107 Ill. 458). In this case, there was no attested certificate, and, therefore, no process, under which the officer making the sale was authorized to act. Hence the sale, and the certificates issued to the purchaser, were void. (*Bell* v. *Johnson*, 111 Ill. 374; *Neff* v. *Smyth*, 111 id. 100).

*Second*, the tax certificates, having been issued upon a void sale for taxes, will be removed by a court of equity as clouds upon the title. It is alleged in the bill and admitted by the demurrer, that all the lots in controversy are vacant and unoccupied except two, and that complainants are in the possession of these two. The certificates, though worthless, tend to cloud the title, as they are calculated to depreciate the value of the lots by giving rise to the fear of litigation and annoyance. (*Gage* v. *Rohrbach*, 56 Ill. 262; *Gage* v. *Chapman*, 56 id. 311; *Phelps* v. *Harding*, 87 id. 442).

*Third,* the bill offers to "pay whatever moneys, taxes and interest equity and the court may require." The amount, which the complainants should be required to pay, in order to entitle themselves to a decree removing the certificates as clouds, is the amount paid at the tax sale, together with the subsequent taxes paid, and interest at the rate of six per cent per annum from the dates of the respective judgments. This is the uniform rule, laid down by this court in a long line of decisions. (*Gage* v. *Pirtle,* 124 Ill. 502.)

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*