GEORGE S. KING *et al.*

*v.*

THE CHICAGO, DANVILLE AND VINCENNES R. R. Co. *et al.*

*Filed at Ottawa November 20, 1880—Rehearing denied March Term, 1881.*

1. STIPULATION CONSTRUED—*whether a suit at law and one in chancery are to be tried separately or as one suit.* In a suit in chancery pending, the following stipulation was made: "It is hereby stipulated and agreed that the issues now pending in a certain cause, entitled as above, in the above court, on the common law side thereof, shall be tried in the above entitled cause on the chancery side thereof, subject to the approval of the chancellor." The law case thus spoken of had been previously dismissed for want of prosecution, but, at the same time the foregoing stipulation was filed, there was a stipulation filed in that case, which, after entitling the cause and giving the term of court, was as follows: "It is hereby stipulated and agreed that the above cause may be reinstated on the docket, and the said suit proceed as if the same had remained continuously upon the docket, the same to be tried upon the merits according to a stipulation filed in a cause pending on the chancery side of said court between the same parties, plaintiff and defendants." The two causes were pending in the same court and were tried before the same judge, who rendered a judgment in the case at law and a decree in the suit in chancery, treating the two cases as separate and distinct. Upon objection that, under the stipulations, the chancery case was really the only case tried, and that the questions arising in the law case were made questions in equity instead of at law, it was *held*, the stipulations were not to be so construed. The intent was, simply that a jury might be dispensed with, and all the evidence in both cases be submitted at once, to the same judge, who should dispose of the one as a law judge, and of the other as a chancellor.

2. PRACTICE—*when specific objection should be made.* Under a stipulation between the parties in a cause that certain depositions taken in another suit might be read in evidence in the pending suit, depositions were received in evidence against the objections that they were "incompetent, improper and irrelevant in the cause." In this court the objection taken to the depositions went only to the *identity* of those which were given in evidence with those described in the stipulation, the discrepancy arising as to the names of the parties to the suit in which the depositions had been taken. It was *held*, this specific objection, in order to avail the party in this court should have been made in the trial court, in order that an opportunity might have been had either to show that these were, in fact, the depositions alluded to in the stipulation, or to have produced those which were therein alluded to.

3. An objection to the admission in evidence of the assignment of a judgment, on the ground that there was no proof of the execution of the alleged assignment, will not avail in this court unless that specific objection was made on the trial in the court below. The general objection, "to the reading of which in evidence the complainant objected," will not be sufficient.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. JUDD & WHITEHOUSE, for the appellants.

Mr. E. WALKER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The Chicago, Danville and Vincennes Railroad Company, on the 12th day of April, 1873, recovered a judgment at law against Cornelius R. Field, George S. King and Belzabel W. Phillips, partners under the firm name of Field, King & Co., in the Cook county circuit court, for $5,729.16 and costs of suit. Execution issued upon this judgment and was placed in the hands of Robert Pritchard, sheriff of Fulton county, to execute.

On the 28th day of December, 1874, Field, King & Co. filed their bill in chancery in the same court, against the railroad company and Pritchard, to enjoin the collection of that judgment, and to offset against the same so much of certain indebtedness due from the railroad company to Field, King & Co. as would fully satisfy and discharge the judgment, interest and costs. It was also shown by the bill that an action of assumpsit had been commenced by Field, King & Co. against the railroad company, in the same court, to recover the indebtedness which they claimed to be due them from the railroad company, and which they proposed to offset against the judgment of the railroad company, which action was then pending and undetermined.

A demurrer was interposed to the bill of complaint, which was overruled by the court, and the railroad company electing to stand by its demurrer and refusing to answer over, a decree was rendered in conformity with the prayer of the bill. From that decree the railroad company appealed to this court. The cause was heard here at our September term, 1877, and the judgment of this court was that the decree of the court below be reversed, and the cause remanded for further proceedings conformably to the opinion then filed. *Chicago, Danville and Vincennes Railroad Co.* v. *Field et al.* 86 Ill. 270. We then, among other things, said : " A suit had been brought by the complainants in a court of law, and was then pending, for the recovery of their alleged indebtedness. The court of law was the proper forum for the adjudication of the fact and amount of the indebtedness, and it should have been left with that court to determine the same in the suit then pending. All the equitable relief complainants needed, and were entitled to under the bill, was the stay of the collection of the judgment until the time of such determination; and then to have the injunction made perpetual in whole or in part, or dissolved, according as such determination might be."

Subsequent to the remanding of the cause, a stipulation was entered into between the parties in these words, after entitling the cause and giving the term of court: " It is hereby stipulated and agreed that the issues now pending in a certain cause entitled as above, in the above court, on the common law side thereof, shall be tried in the above entitled cause on the chancery side thereof, subject to the approval of the chancellor."

The law case had been previously dismissed for want of prosecution, but, at the same time that the foregoing stipulation was filed, there was a stipulation filed in that case, which, after entitling the cause and giving the term of court, is as follows: " It is hereby stipulated and agreed that the above cause may be reinstated on the docket, and the said

suit proceed as if the same had remained continuously upon the docket, the same to be tried upon the merits according to a stipulation filed in a cause pending on the chancery side of said court between the same parties, plaintiff and defendants."

The circuit court proceeded to hear all the evidence offered applicable to either case, and then rendered a judgment in the law case in favor of the defendants therein, and a decree in chancery dissolving the temporary injunction and dismissing the complainants' bill. Field, King & Co. prayed and perfected an appeal in both cases, filing a separate bond in each case, to the Appellate Court for the First District. A single record, showing all the pleadings, orders, etc., in both cases, was made out for that court, and constitutes, with the orders of the Appellate Court, the record now before us. The Appellate Court affirmed the judgment in the law case, and affirmed the decree in the chancery case, except as to the allowance of damages upon the dissolution of the injunction, in which respect it was reversed. The present appeal is from these judgments of the Appellate Court.

Following the ruling when the chancery case was here before, the judgment in the law case is conclusive as to the decree to be rendered in the chancery case. If there is no recovery in that case, there can be nothing to set off against the other judgment.

No error of law, occurring on the trial of the law case, is alleged. The only question in the Appellate Court was one of fact, and the decision of that court was, therefore, conclusive. But counsel for appellants insist that, by virtue of the stipulations, the chancery case was, in reality, the only case tried, and the question of the indebtedness of the railroad company to appellants was made one in equity, instead of at law. The stipulations do not so declare. They do not direct that the decree in the chancery case shall be entered up on the evidence in the law case, nor do they provide that the chancery case and the law case shall be consolidated.

But it is said by counsel, in support of the other view, a chancellor can not hear evidence and determine issues in a law case—which is very true. But it must be remembered that, in our system of jurisprudence, every law judge is also a chancellor; and there is nothing, therefore, to prevent him, when the parties so agree, from sitting and hearing, at the same time, evidence which, in one part, is applicable to a suit pending in chancery, and, in another part, to a suit pending at law; and, when he gets through, entering up a judgment in the one case and a decree in the other. So, here, the intent was, as we conceive, simply that a jury be dispensed with, and all the evidence be submitted at once. The stipulations do not provide that a decree is to be rendered upon the evidence heard upon the issues in the law case. They do not provide for the abandonment of the law case, but, upon the contrary, the stipulation in the law case expressly declares that that case shall be reinstated on the docket, and then adds: "and the said suit *proceed,* as if the same had remained continuously upon the docket." What is meant by proceeding? The same stipulation provides that the cause shall be "tried upon its merits," not abandoned; and if a cause is to be tried upon its merits, and "proceed," it would seem, necessarily, to result that a judgment must follow the trial. The issues, it is true, were to be tried in the chancery cause, subject to the approval of the chancellor; but since he was not authorized to pronounce a decree thereon, the implication is that he should render judgment upon those issues,—in doing which he would, of course, act as a common law judge, as in rendering a decree he would act as a chancellor. There was a cogent reason why a judgment was desired in the law case, and, by reinstating the case upon the docket, and stipulating that it should proceed, it is manifest that reason was acted upon; an amount was claimed, in the law case, beyond the proposed off-set, and costs had been incurred in that action. There is no ground for saying that

it was intended a decree should embrace these, nor could a decree have properly done so.

Assuming that it is shown that a judgment was to be entered in the law case, it must follow that the evidence upon which the judgment was based can not be reviewed in the chancery case. It was the *judgment* in the law case, not the *evidence supporting it,* that authorized the decree in the chancery case. Whether the evidence sustained the judgment or not, the judgment, until reversed, was conclusive of the amount due, and hence of the amount of the proposed off-set.

The position of counsel for the appellants assumes that it is the *evidence* upon which the judgment is rendered that authorizes the decree in the chancery case. But this is a misapprehension. The law case was determined to be the appropriate case in which to settle the fact of indebtedness, and this would be shown by its judgment. So the judgment, alone, in the law case would determine whether there was or was not matter of set-off. And this must be true without reference to when or where the issues in the law case were to be settled, so long as it was not intended that case should be abandoned. Its *judgment* would be conclusive evidence either that there was or was not an indebtedness as claimed. Had it been intended to settle this controversy in chancery alone, without reference to a judgment at law, there could have been no reason for reinstating the law case upon the docket and providing that it should proceed; and it would have been easy to have expressed the intention in clear and unmistakable language.

There is clearly no more authority here for saying that the law case was converted into a chancery case than there is for saying that the chancery case was converted into a law case.

The stipulations related to the hearing or trial alone, and did not include the final judgment and decree to be rendered. The circuit court properly entered a judgment in the law case, and this being for defendant, there was no alternative in the chancery case but to decree as was done.

We find no error in the ruling of the Appellate Court and its judgment will, therefore, be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE DICKEY, dissenting :

I can not concur in the ruling upon which this case is decided. As I understand the record, the law case had been dismissed for want of prosecution before the chancery case was re-docketed in the circuit court under the mandate of this court.

Thereupon, a stipulation dated February 18, 1878, signed by counsel for the respective parties, was filed in the chancery cause, by which it was agreed " that the issues now pending in a certain cause entitled as above in the above court, on the common law side thereof, shall be tried in the above entitled cause on the chancery side thereof, subject to the approval of the chancellor."

On the 19th of the same month, a stipulation was filed in the law case, signed by the respective attorneys on the 18th of the same month, by which it was agreed, as to that cause, that it "may be reinstated on the docket and the said suit proceed as if the same had remained continuously upon the docket, the same to be tried upon the merits, according to a stipulation filed in a cause pending on the chancery side of said court, between the same parties."

At this time there was no pleading in the law case except the plaintiffs' declaration and a demurrer thereto. The demurrer had been overruled, and, after that, on May 11, 1877, that case had been dismissed for want of prosecution.

What is the fair meaning of these stipulations, when read together?

The stipulation in the law case is, that the case shall be reinstated and proceed as though the order of dismissal had not been made, " the same to be tried upon its merits according to the stipulation filed " in the chancery cause, that. is, " the issues " in the law case, "shall be tried " in the chan-

cery case, " on the chancery side thereof, subject to the approval of the chancellor."

Can it be said that this is an agreement to submit the trial of the issues to the law court, without a jury, as provided in our act regulating trials in law cases ? It seems to me this is not the meaning of the parties. On the contrary, the issues are to be tried " on the chancery side " of the court, and in the chancery suit, and all this " subject to the approval of the chancellor." The Supreme Court had said in this chancery case, (86 Ill. 270), " the court of law was the proper forum for the adjudication of the fact and amount of indebtedness, and it should have been left to that court to determine the same." The defendants, however, were now willing to waive their right to a trial in the law court, and to submit the issue of indebtedness to the chancellor, but the chancellor, under the decision in 86 Ill. *supra,* might not be willing to try that question, and might say to the parties, settle the question of indebtedness at law, as suggested by the Supreme Court, and I will stay the execution on the old judgment of the defendants, until that question is settled in a court of law, and then decree accordingly. For this reason plainly this whole agreement was made " subject to the approval of the chancellor." Had this agreement been simply an agreement to submit the issues to the law court, without a jury, to be tried at the same time the chancery cause should be tried, there would have been no need of saying, " subject to the approval of the chancellor." Had that been the agreement, it would have required the consent of the law court, as well as the chancellor, to have both trials going on at the same time. In Cook county, where there are five circuit judges, the law courts and the chancery courts are not usually held by the same judge at the same time.

If the agreement was not that the issue, the fact and amount of indebtedness, should be tried in chancery, why was it that the chancellor proceeded to hear, in the chancery cause, all the evidence relating to these issues ? The conduct

of the parties, the course of the proofs on the hearing, and the decree of the court, all show that the parties understood by these agreements, these issues were to be tried in chancery. The certificate of evidence is drawn in the chancery cause, setting out all the proofs. The decree of the court and its recitals show this. The decree says the cause was heard January 21, 1880, on "pleadings and proofs taken therein and oral testimony given in open court, and counsel having been heard, it is adjudged and decreed that the equities are with respondents, that the temporary injunction be dissolved, with leave to the defendant company to file suggestion of damages, and that the bill be dismissed." The decree then recites, that it appeared to the court that the law case (mentioned in the stipulations) was pending, and that the parties entered into the stipulations of February 18, 1878, "whereby the parties stipulated that the issues in said law action should be tried and determined in this cause,  *  *  *  which said cause was so heard in accordance with said stipulation"—and it further appearing to the court  *  *  *  that the defendant is not indebted to complainants as alleged in the declaration in the law case,  *  *  *  it is, therefore, ordered and decreed that the respondent railroad company recover costs in this (chancery suit).

Here is a finding by the chancellor as such, that defendant is not indebted, and nothing is said about such finding being founded upon a judgment in the law case, but the decree is placed expressly upon the proofs, before that time taken, and upon oral evidence and upon the stipulations, which, up to this time, were construed to mean exactly what I contend they do mean.

The chancellor had jurisdiction as such to try the question of indebtedness. The indebtedness was alleged in the bill and denied in the answer, and, although the defendant might have refused to have had that issue tried in chancery, it agreed it should be, and it in fact was.

If tried on the chancery side, the trial, as to mode, must be according to the rules of proceeding in chancery, and not by the rules of law relating to cases in the circuit court as a law court.

If the finding in the chancery cause of the facts, had been produced in the law court after the decree, it may be the law court might, on motion, have entered judgment for defendant. That, however, would not preclude this court from reviewing the evidence on which the decree was rendered. That decree is before us, and all the evidence given.

The certificate of evidence, as I understand the transcript, does not show that the judgment in the law case was offered in evidence on the hearing in chancery. That certificate does show, as the decree indicates, that the pleadings in the law case were given in evidence at the hearing of the chancery cause, and also the stipulations of February 18, 1878. There appears, in addition to this, to be injected into that part of the transcript what seems to be a transcript of the other parts of the record in the law case, embracing proceedings of January 21, 1880, (the same day of the hearing of the chancery cause), showing, that by virtue of the stipulation of February 18, 1878, the law court held that the issue in the law case was submitted to the law court for trial, and reciting a trial thereof by the court, a finding for defendant, and judgment on the finding for costs, an appeal prayed and allowed; also an order of the law court of February 9, 1880, giving further time for bill of exceptions, and also a copy of an appeal bond, filed February 11, 1880, in the law case. This certificate of evidence is dated January 30, 1880. It is impossible that on January 30, 1880, the judge of the court could certify, as evidence heard at a hearing January 21, 1880, a copy of an order made February 9, 1880, or the copy of an appeal bond made February 11, 1880.

To determine, therefore, what of the matter contained in the transcript was given in evidence at the hearing, we must confine ourselves to that which is therein stated to have been

so given in evidence.   There is no such statement in relation to *the judgment* in the law case, or as to the order of February 9, 1880, or as to the appeal bond of February 11, 1880.

After a careful examination of the transcript, it seems plain to me, that after this decree in chancery was entered, but on the same day, the court took up the law case against the objection of plaintiff, and against his objection gave leave to defendant to file a plea of general issue in the law case, *nunc pro tunc,* as of the 18th of February, 1878, and thereupon by virtue of the stipulation of February 18, 1878, construing it as an agreement to waive a jury and submit the issue to the court on the law side for trial without a jury, against the objection of appellants, proceeded, upon consideration of the evidence heard in the chancery cause, to find the issues in the law case for defendant, and to render judgment on this finding, and from this judgment plaintiff also appealed.

I think the decree in chancery is subject to review here, and the evidence on which it rests, and that the judgment at law should cut no figure in the examination of the proceedings in the chancery cause.   I am convinced, from this record, that the judgment, in fact, rests upon the finding in chancery, and the finding in chancery does not rest upon the judgment at law.

There are two appeals,—one, from the judgment at law. That judgment was affirmed by the Appellate Court.   It ought to have been reversed, as I think, for irregularity.   I think it was error in the circuit court, on the law side, to assume to try the issues upon evidence, without a jury, with no other warrant than the stipulation in the record.   The merits of this controversy, as shown by the evidence in the chancery case, this court refuses to examine.   I think they ought to be considered and determined by this court.

Mr. JUSTICE SHELDON concurs with the Chief Justice.

Subsequently, upon an application for a rehearing, the following additional opinion was filed:

Per CURIAM: A petition for rehearing has been presented in the present case, predicated, in part, on the alleged ground that there were errors of law in the judgment of the Appellate Court, which have not been noticed in the foregoing opinion.

The alleged errors are in admitting in evidence the depositions of Cornelius R. Field, William D. Judson and Amos Tenney, and in admitting in evidence an assignment purporting to have been executed on November 13, 1874, by the Chicago, Danville and Vincennes Railroad Company, to Edwin Walker, of the judgment recovered by the railroad company against the appellants.

There was a stipulation between the parties to this record, whereby it was stipulated that, " the deposition of the complainant Field, taken in a cause heretofore in said circuit court, on the chancery side thereof, between the said parties, may be read in evidence, subject to all objections other than to the form or manner of taking the same; also depositions of W. D. Judson and Amos Tenney, taken in the same cause, and filed therein February 26, 1873, subject to the same objections."

The deposition of Field, read in evidence, purports to have been taken " in an equity proceeding in the circuit court of Cook county, in a cause wherein Field, King & Co. were complainants, and the Chicago, Danville and Vincennes Railroad Company and *Joseph E. Young & Co.* were defendants." And the depositions of Judson and Tenney, read in evidence, purport to have been taken " in a case in equity in the circuit court of Cook county, wherein Cornelius R. Field *et al.* were complainants, and the Chicago, Danville and Vincennes Railroad Company, *William D. Judson, Amos Tenney and Joseph E. Young* were defendants." The objection now insisted on is, that the depositions read in evidence are not the

*same* depositions named in the stipulation; *Joseph E. Young & Co.*, or others named above, are not named in the stipulation as parties defendant, but the Chicago, Danville and Vincennes Railroad Company only is defendant therein.

This goes only to the *identity* of the depositions. It is clear that these witnesses had given depositions which the parties intended should be read in evidence; and if these were not the right depositions, the right ones should have been produced.

If, therefore, the objection is not purely captious, it should have been called explicitly to the attention of the counsel offering the depositions, in order that he should have had an opportunity either to show that these were, in fact, the depositions alluded to in the stipulation, or to have produced the depositions therein alluded to.

But the objection in the circuit court did not point out that the depositions offered in evidence were not the same alluded to in the stipulation. It was entirely general, and indicated no specific ground for their exclusion. It was " because said depositions, and each thereof, are incompetent, improper and irrelevant as evidence in this cause;" but why " incompetent," " improper," or " irrelevant," is not disclosed. This was insufficient to save the objection now urged. *Sargeant* v. *Kellogg et al.* 5 Gilm. 273; *Buntain* v. *Bailey*, 27 Ill. 410; *Hyde* v. *Heath*, 75 id. 381; *Clevenger* v. *Dunaway*, 84 id. 367.

The objection in regard to the admission in evidence of the assignment of the judgment is, that there was no proof of the execution of the alleged assignment. The record seems to contradict this allegation; but, conceding that it does not, that specific objection was not urged on the trial, and, on the authority of the cases referred to in regard to the objections to the admissibility of the depositions, it could not, for the first time, be urged in an appellate court. The objection urged on the trial was only " to the reading of which in evidence the complainant objected." Why this objection was made, the record fails to disclose. Wherefore

we repeat what we said in the original opinion, there was no question of law in the common law case for the Appellate Court.

The petition for rehearing is overruled.

*Rehearing denied.*