. HENRY H. GAGE

*v.*

CLARA E. EDDY.

*Opinion filed June 21, 1900—Rehearing denied October 4, 1900.*

1. ACTIONS AND DEFENSES—*when party may decline to prosecute burnt records petition—res judicata.* A plaintiff whose judgment in ejectment establishing title in herself has been affirmed by the Supreme Court, may decline to further prosecute a petition filed during the pendency of the ejectment suit, to establish title to the same land under the Burnt Records act, and may rely upon the ejectment judgment to defeat the prayer of a cross-petition filed in the burnt records proceeding by the defendant in the ejectment suit, asking that such title be decreed to be in him.

2. SAME—*holder of tax title cannot maintain independent bill for reimbursement.* One purchasing tax titles is entitled to reimbursement only in the event the owner of the land asks the aid of equity to cancel the tax sales, liens or deeds as clouds upon his title, and he cannot maintain an independent bill to compel the owner to re-pay the amount paid in discharging taxes against the land.

3. APPEALS AND ERRORS—*general objection does not preserve specific objection for review.* A general objection that records, files or documents are "incompetent" or "irrelevant" is too general to preserve for review a specific objection not going to the competency or relevancy of the proposed proof.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

October 29, 1891, one William H. Eddy filed a petition in the superior court of Cook county, under the provisions of the Burnt Records act, for a decree confirming and establishing title in him to a certain tract of land described as the south twenty acres of the north half of the east half of the north-west quarter of section 28, town 38, north, range 14, in Cook county, excepting railroad right of way, etc. January 16, 1892, the appellant, Gage, one of the defendants to the said petition, filed an answer thereto, asserting said tract of land was in his actual possession and that he was the owner of the fee

simple title thereto. On the same day the appellant filed
a cross-petition, claiming to be the owner of the said
tract by title in fee simple, (describing the tract differ-
ently, however, but including it and perhaps about two
acres of land in addition,) and prayed that a decree be
entered establishing and confirming the title in him. The
original petitioner, Eddy, filed a replication to the answer
of Gage and filed also an answer to the cross-petition
exhibited by Gage. October 17, 1892, Eddy, by leave of
the court, filed an amended petition, to which Gage filed
an answer, in which he adopted the answer first filed and
made further answer to the amended petition. It does
not appear a replication was filed to this answer. The
cause was continued from time to time, without further
steps or order, until May 2, 1899, when an order was en-
tered dismissing it for want of prosecution. On June 20,
1899, this order of dismissal was, on motion of appellant,
set aside and the cause re-instated, and it being sug-
gested said William H. Eddy, the original petitioner, had
departed this life, on motion the appellee, his sole heir-
at-law, was substituted as petitioner. Appellee there-
upon, by leave of the court, filed a supplemental answer
to the cross-petition of appellant, in which she repre-
sented to the court that on September 28, 1889, (about two
years prior to the filing of the original petition herein,)
said William H. Eddy, deceased, instituted in the circuit
court of Cook county an action in ejectment against the
appellant to recover the title to the tract of land involved
in the petition and cross-petition; that said suit in eject-
ment was pending when said petition and cross-petition
were filed; that said William H. Eddy and the appellant
voluntarily proceeded with the action of ejectment until
the death of said Eddy, which occurred February 20, 1896;
that appellee, being the sole heir of said Eddy, was sub-
stituted as plaintiff in said ejectment suit, and that the
issues in ejectment between her and said appellant were
voluntarily litigated and submitted to juries for trial on

two separate occasions; that she prevailed and obtained a judgment in said circuit court in ejectment establishing title in fee in her to said tract of land, and that said judgment was affirmed by the Supreme Court. Appellant filed a general replication to this supplemental answer to his cross-petition. The cause being called for disposition, appellee, by her solicitors, stated in open court that she did not desire or intend to offer evidence in support of her petition and did not desire any relief under the prayer thereof, but moved the court, in the alternative, to dismiss the original petition without prejudice, at her cost, or to dismiss the same for want of prosecution. The court did not rule on the motion. The appellee did not offer any evidence in support of the original petition, and appellant proceeded to introduce his proof in support of his cross-petition. The court inquired whether there was a controversy between the parties relative to the alleged verdict and judgment in favor of the appellee in the action of ejectment and the affirmance of such judgment by the Supreme Court. Counsel for appellant replied: "My impression is that there will not be any controversy, but we think it can hardly come in until after Mr. Gage has made his proof." The following colloquy then occurred between the court and counsel for appellant:

The court: "That is very likely; but the court would like to be advised by counsel what issues there are likely to be tried in this case with that verdict and judgment in the ejectment suit affirmed by the Supreme Court.

Mr. Roby: "I think that what is left to be tried will resolve itself into two propositions. One will be whether —the party having come into equity and this court having jurisdiction of the matter—whether the judgment in ejectment will bind this court, so that this evidence which we shall put in will not entitle the cross-complainant to a judgment of this court establishing his title. That is one head. The other head is this: That the cross-com-

plainant having purchased this land,—not only the patent title but also these tax titles,—and having paid out a large amount of money in taxes, and these cases having gone *pari passu*, the complainant in this and the plaintiff in the ejectment case having prosecuted both cases, the plaintiff having come into this court to obtain such relief as a court of law could not give, and having then got the benefit of a judgment at law without doing equity, whether he can actually get a good title to the land, and leave Gage, without paying the taxes that a court of equity would require that he should pay. These are the two questions."

The testimony in behalf of appellant was then introduced, whereupon appellee produced documentary evidence in support of the allegations of her amended answer to appellant's cross-petition, that the title to the land had been adjudicated in said action of ejectment. The court found the issues under the cross-petition adversely to appellant, and entered a final decree dismissing the cross-petition on the merits so far as the premises claimed in the original petition were concerned, and without prejudice otherwise, and dismissing the original petition for want of prosecution. The appellant by this appeal seeks reversal of the decree.

EDWARD ROBY, and CHARLES M. HARDY, for appellant.

C. S. DARROW, H. S. MECARTNEY, and MORRIS ST. P. THOMAS, for appellee.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

Did the chancellor err in decreeing the cross-petition of appellant should be dismissed? The adjudication in the action of ejectment did not, it is suggested, extend to all the lands embraced in the cross-petition. The dis-

crepancy, if any, in this respect grew out of the fact the petition and the judgments in ejectment describe the property as the south twenty acres of a government subdivision, while the cross-petition described the south half of the same subdivision, and it is contended the sub-division of the section contained more than forty acres. The decree dismissed the cross-petition without prejudice as to the land, if any, not embraced in the description in the judgment in ejectment. This action was proper, for the reason notice of the pendency of the cross-peti-tion was not published, as is required by section 12 of the Burnt Records act. Such notice was not essential so far as the lands embraced in the original petition was concerned, but should have been given in order to invest the court with jurisdiction to adjudicate the title to other lands. It was not error to dismiss the cross-petition on a hearing as to the lands described in the original petition.

The ejectment suit was pending when the petition and the cross-petition were filed. The parties voluntarily allowed the chancery proceeding to remain in abeyance, and without objection joined in carrying the action of ejectment to a final conclusion. If such course resulted in an adjudication that the appellee was the owner of the title to the premises in fee, clearly the appellant could not again litigate that issue under his cross-peti-tion. Proof of the adjudication of that issue in the ac-tion at law would defeat the prayer of his cross-petition. Appellant, however, urges, the court, on the hearing, over his objection, permitted "incompetent, immaterial and irrelevant" evidence as to the alleged adjudication to be introduced by appellee.

The deputy clerk of said Cook county circuit court, as a witness for appellee, produced in open court the files in the ejectment suit and the book in which the record of the proceedings in that cause in said court had been entered. The appellee also produced a certified transcript of the judgment entered in this court affirming

the judgment of the circuit court. The said record of the circuit court, on page 330, disclosed a trial by jury and a verdict in an action of ejectment in a cause styled *Clara E. Eddy* v. *Henry H. Gage,* and on page 397 appeared the entry of a judgment in ejectment on the verdict of a jury in a cause styled *Clara E. Eddy* v. *Henry H. Gage, Mary Sullivan, City of Chicago and the Western Indiana Railroad Company.* It is urged the court erred in allowing the record of these proceedings in ejectment to be read in evidence. The declaration and the pleadings showed the appellant was made sole defendant in the original declaration, and the style of cause was for a time *Eddy* v. *Gage,* and that issue was joined thereunder in that style, and that afterwards the other parties named as defendants in the record of the judgment in ejectment were by leave of the court brought into the case through the medium of an amendment to the declaration. The record of the trial by the jury and of the verdict returned by it on the hearing, and the record of the entry of the judgment, were read to the court from the record book of the proceedings of the court. The entries were styled differently, as before explained, but bore the same docket number, and the style of the plaintiff is the same in both entries and the name of the appellant appears as defendant in both entries, but as preserved in the bill of exceptions the date of neither of the entries is shown. Counsel for appellant insist it was error to allow these entries to be read in evidence, while counsel for appellee insist a reference to all the files and records of the cause will disclose the court did not err in the matter. We do not feel called upon to enter into an investigation of these records and proofs to determine as to this objection, for two reasons:

*First*—The appellant declined in the trial court to make his objections to the introduction of these files and records more specific than that they were "incompetent, irrelevant and immaterial." A general objection to the

introduction of an instrument of evidence raises only
questions of its relevancy. If obnoxious to special ob-
jection the objection must be stated, unless the objection
is intrinsic and from its nature cannot be removed by
proof. (*Buntain v. Bailey*, 27 Ill. 409; *Moser* v. *Kreigh*, 49 id.
84.) The objection that instruments, records, etc., are
"incompetent," "improper" or "irrelevant" is too general
to save a special objection not going to the relevancy
or competency of the proposed proof. (*King v. Chicago,
Danville and Vincennes Railroad Co.* 98 Ill. 376.) Under a
general objection to the introduction of a decree or judg-
ment it cannot be urged in this court that the transcript
does not contain a *placita*. (*Hyde* v. *Heath*, 75 Ill. 381.)
That the statute did not authorize a sheriff's deed to be
acknowledged before a notary public cannot be urged in
this court under a general objection preferred in the trial
court. (*Osgood* v. *Blackmoor*, 59 Ill. 261.) A general objec-
tion will be regarded as only going to the materiality of
the evidence under the issue. (*Wilson* v. *King*, 83 Ill. 232.)
That a transcript from a justice's docket did not contain
a copy of the summons or return of service is not raised
by a general objection to the introduction of the tran-
script. *Johnson* v. *Holloway*, 82 Ill. 334.

*Second*—The entry on page 397 of the said common law
record of said circuit court constituted a complete, final
judgment in ejectment that the appellee should have and
recover of the appellant and the other defendant in this
ejectment case the possession, in fee simple, of the iden-
tical tract of land described in the original petition in the
cause at bar. This judgment recites that the appellant
and the other defendants in the ejectment cause moved
that court to set aside a verdict previously returned by
a jury in the court, and that the motion was argued by
counsel and submitted to the court and was by the court
overruled, and thereupon the judgment was entered. It
may be the trial by jury set out in the entry on page 330
of said record is not identified as the jury trial referred

to in the entry of judgment, but the judgment entry is within itself sufficiently full to establish an adjudication of the title to the premises.

We therefore consider the files and records, including the certified copy of the judgment entered in this court, with reference to their pertinency to the question of the adjudication relied upon in the answer of appellee to the cross-petition.  It clearly appeared from those proofs the parties voluntarily submitted the issue as to the title to the premises for determination in the action of eject-ment; that the circuit court in that action adjudged the appellee to be the owner in fee of the premises, and that such judgment was affirmed by this court.  The conten-tion of the parties as to the ownership of the land thereby became *res judicata*, and for that reason the chancellor did not err in dismissing the cross-petition of appellant on the merits.  That action being proper, the case then stood precisely as if no cross-petition had been filed, and the court did not err in decreeing the original petition should be dismissed for want of prosecution.  (*Ogle* v. *Koerner*, 140 Ill. 170.)  Had a decree passed on the origi-nal petition vacating and canceling certain tax deeds which the appellant had obtained to the premises in con-troversy, the appellant would have been entitled to the benefit of the well established equitable rule relative to the re-payment of sums paid for taxes.  That equitable rule is deduced from the fundamental maxim of equity that he who asks equity must do equity, and is applicable only when relief is granted to a complainant in the way of canceling liens or deeds as clouds on his title, and is not to be applied under an independent bill by the holder of a tax title asking that he be so reimbursed, nor to the appellant in this case under his cross-petition, for to this extent a cross-petition is in the nature of an original petition.  (*Farwell* v. *Harding*, 96 Ill. 32.)  One who purchases land at a tax sale or becomes the owner of titles based upon tax liens is engaged in a venture

for the purpose of reaping profits and gains. There is no rule of law or maxim of equity which he may invoke to compel the owner of the property to reimburse him the amounts he has invested in the venture, except in the event the property owner asks the aid of a court of equity to cancel the tax purchases, liens or deeds as clouds upon the title to the property. If the power of a court of chancery to that end is asked by a property holder, it will be exercised only on equitable terms and conditions, but an independent bill·in equity cannot be maintained by the holder of a tax lien or tax title for a decree against the owner of the fee requiring re-payment of the amount paid in discharging taxes against the lands.

Having succeeded in establishing her title to the property in the action of ejectment in a court of law, it was competent for appellee to decline to further prosecute the original petition filed by her father under the Burnt Records act, and to avail herself of the adjudication in the action at law to defeat the prayer of the cross-petition of appellant.

The decree is affirmed.                  *Decree affirmed.*