## Percy E. North v. Lewis L. Lehman.

1. TAXES—*Right to Re-imbursement by the Holder of a Tax Deed in a Partition in Which He Is Not a Party.*—A person who holds what he claims to be an independent title in fee under a tax deed may intervene in a partition suit to which he is not a party and set up his deed as a complete defense, and when defeated, may ask and is entitled to re-imbursement for taxes paid by him in good faith on the lands in question.

**Partition.**—Appeal from the Circuit Court of Jackson County; the Hon. OLIVER A. HARKER, Judge, presiding. Heard in this court at the August term, 1901. Reversed and remanded with directions. Opinion filed October 21, 1901.

**Statement.**—Appellee, Lewis L. Lehman, on November 24, 1899, filed his bill for partition of the E. ½ of the N. E. ¼ and the E. ½ of the W. ½ of the N. E. ¼ of Sec. 18, Town. 9 S., range 3, W. of 3d P. M., in Jackson county, Illinois, mak-

ing James M. Pulliam, William Pulliam, Ralph Boaz and L. DeWitt, parties defendant.

The bill alleged title in fee, as heirs of John M. Pulliam, who died intestate in 1884, in complainant, James M. Pulliam, and in Ralph Boaz, subject to the dower interest of his father, William Boaz. DeWitt's interest, if any, was that of tenant.

On the 15th of January, 1900, Percy E. North, having obtained leave of court, answered said bill denying that said parties had title, and claiming title in fee in himself by virtue of a tax deed for the N. E. ¼ of Sec. 18 in the town and range before mentioned. He claimed to have obtained said tax deed in 1896 and that DeWitt, party defendant to original bill, was his tenant.

The answer of appellant sets up a sale in 1896 for the taxes of 1895, to Wm. E. Jones; the assignment by him of the certificate of purchase to Elisha Dillon; assignment by him to Thomas E. North, and by him on January 4, 1898, to Percy E. North, and the issuance of the tax deed on July 30, 1898. Said answer purports to set up *in haec verba* the notice, affidavit, etc., necessary to the issuance of the tax deed.

James M. Pulliam, William Boaz and L. DeWitt failing to answer, were defaulted. Ralph Boaz, a minor, answered by guardian *ad litem*.

Upon the hearing of the cause the court found title as set up in complainant's bill and appointed commissioners to partition. Upon their report that division could not be made, the land was ordered sold, and having been sold the proceeds were brought before the court for final distribution. The decree recites that the cause came for a final hearing upon the bill, the answer of the defendant, Percy E. North, and the answer of the guardian *ad litem* of the minor defendant, Ralph Boaz, etc. It finds title in fee in the parties as set up in the original bill, and that no other person or persons " have any claim, interest in or title to the said lands," and specifically finds that appellant, Percy E. North, has no interest in said lands.

At the succeeding term of said Circuit Court, appellant filed his petition, setting up that upon the trial of the case, his tax title had been held so defective that he had no legal title to the premises sought to be partitioned; that at the time of the rendition of the decree, leave had been given until the first day of the next ensuing term to file his petition to be re-imbursed out of the proceeds of the sale of the land to the amount of the taxes and improvements he had paid and made while holding it under his tax title. The petition also sets up the sale of the land by the master for $1,200; the sale for taxes in 1896, during the lifetime of the owner, John W. Pulliam; that upon the hearing of the cause he had intervened and claimed title by virtue of his tax deed; states the amount of taxes he had paid since and including the year 1896, and claims to be re-imbursed with interest for such amounts. It appears to present in appropriate form the facts necessary to a recovery of the taxes paid by petitioner if such recovery can be had in this proceeding.

To the petition a general demurrer was filed, which was sustained by the court, and petitioner appeals.

F. M. Youngblood, attorney for appellant.

James H. Martin, attorney for appellee.

Mr. Justice Worthington delivered the opinion of the court.

The grounds of appellee's demurrer are set out in substance, by counsel in their brief, as follows:

"Can a person who holds what he conceives to be an independent and complete title in fee, intervene in a partition suit to which he is not made a party, * * * set up his tax deed as a complete defense, and when defeated, then come in and ask re-imbursement for taxes voluntarily paid on the lands of another, and this, too, when there is no proceeding, prayer in bill, or order in the decree, seeking to set aside said tax deed, or setting the same aside?"

The answer to this is, that appellant, by leave of court,

did intervene by way of answer to complainant's bill, claiming title through his tax deed. Complainant filed his replication to appellant's answer, thus making an issue on appellant's claim of title. By thus attacking appellant's tax deed, he did in effect what he would have done if he had filed a bill to cancel the tax deed as a cloud upon the title.

The court decided this issue in favor of complainant in the original bill. The decree finds that the case was heard upon the bill of complaint and the answer of appellant, and upon evidence, etc., to sustain both bill and answer. It finds that the court had jurisdiction of the subject-matter and of all parties to the proceeding; that title in fee was in the parties as alleged in the bill. It also finds that no person or persons, other than the complainant and the last named defendants (James M. Pulliam, Ralph Boaz and William Boaz,) have any claim, interest in or title to the said lands, or to any part thereof, in possession, remainder, reversion or otherwise, and that Percy E. North and L. DeWitt (his tenant), have neither any interest therein.

Appellant abides by the decree. This finding and decree as effectually disposed of appellant's tax deed as if appellee had filed a bill to set it aside as a cloud upon his title and had obtained a decree to that effect. But if he had done so, the owners of the land would have been required to do equity by re-imbursing appellant for the taxes he had paid.

Appellant asks that they be required to do in the case at bar what they would have been required to do if they had been complainants seeking to set aside his tax deed, inasmuch as in the case at bar his tax deed has been litigated and held for naught.

Why is he not entitled to the relief prayed? Courts of equity look to substance rather than to form. It is also a well established rule of practice, that when a court of equity has before it the necessary parties and has jurisdiction of the subject-matter, that it will not leave another tribunal to finish its work, but will do complete justice to all parties upon all matters involved in the case.

Nor was appellant an improper party defendant in the case. Sec. 6 of Chapter 106, Hurd's Stat., entitled Partition, provides "that every person having any interest, whether in possession or otherwise, and who is not a petitioner, shall be made a defendant to such petition."

Appellant claimed title and seems to have been in possession through this tenant, De Witt, who was made a party defendant to the original bill.

Sec. 15 of the same chapter provides: "The court shall ascertain and declare the rights, titles and interest of all the parties to such suit, the petitioners as well as the defendants, and shall give judgment according to the rights of the parties." Appellant by his petition asks that this shall be done; "only this and nothing more."

Counsel for appellant quote from Gage v. Eddy, 186 Ill. 432:

"There is no rule of law or maxim of equity which he (the purchaser at a tax sale) may invoke, to compel the owner of property to re-imburse him the amount he has invested in the venture, except in the event the property owner asks the aid of a court of equity to cancel the tax purchases, as clouds upon his title to his property."

Admitting this to be the law, we think that the action of appellee in replying to appellant's answer, and thereby making an issue upon his tax deed, trying that issue and obtaining a decree that virtually cancels such deed, in effect brings this case within the exception stated in the above quotation.

The judgment of the Circuit Court will therefore be reversed and the case remanded, with directions to ascertain and decree to be paid to appellant such amounts, if any, as the owners of the land partitioned would have been required to pay him if they had filed a bill to cancel his tax deed as a cloud upon their title, and had secured a decree to that effect.   Reversed and remanded.