John B. Bobzien, Appellee, v. Benjamin Michael Schwartz et al., Defendants. Chicago Securities Corporation, Appellant.

Gen. No. 38,988.

Opinion filed March 24, 1937. Rehearing denied April 12, 1937.

VERNON R. LOUCKS, A. J. HENNINGS and VERNE B. SELLE, all of Chicago, for appellant.

LITSINGER, HEALY, REID & BYE, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

John B. Bobzien, who was a successor trustee in a trust deed securing a first mortgage for $90,000 on certain premises located in Cook county, commenced foreclosure proceedings on August 13, 1935.

It appears from the record that on October 25, 1935, Bobzien, by order of court, was authorized and directed to enter into the possession of the premises, as trustee, under the trust deed herein sought to be foreclosed, and to collect the rents, issues and profits from said premises for the use and benefit of the owners and holders of the bonds and interest coupons secured by said trust deed; that Bobzien thereupon took possession of the premises and is still in possession; that on or about October 5, 1935, the Chicago Securities Corporation, defendant, commenced a suit in ejectment involving the premises above described, making as parties defendant in said proceeding the record owner of said premises, Clarence J. Olsen, as well as 10 tenants of the building, being a portion of the 22 tenants occupying the 22 apartments in the building.

The record further shows that the trustee Bobzien was not made a party in the ejectment proceedings; that on January 8, 1936, the plaintiff dismissed said suit in ejectment as to Clarence J. Olsen and judgment was entered against the 10 tenants of Bobzien; that after obtaining a judgment for possession against the 10 tenants the said Chicago Securities Corporation threatened to evict said tenants from possession of said premises pursuant to the judgment heretofore entered in said ejectment proceedings; that thereafter a petition was filed by Bobzien without notice to the Chicago Securities Corporation and on February 15,

1936, a restraining order was entered by the court against them, their attorneys, agents and employees until the further order of that court, from molesting or interfering with the tenants, or any of them occupying the premises and were restrained from in any manner molesting or interfering with the possession of the aforesaid premises by John B. Bobzien, trustee, or in any way interfering with the collection of the rents, issues and profits from said premises.

The record further shows that on March 26, 1936, an answer was filed by the said Chicago Securities Corporation, asking that the injunction be dissolved and that they be awarded $5,000 as damages; that on April 25, 1936, an order was entered that the special appearance of the Chicago Securities Corporation stand as a general appearance and that additional attorneys appear in the cause and ''that all parties serve notice of all matters on said attorneys''; that the proceedings before the master in the foreclosure suit were had without notice in violation of this code; that on April 15, 1936, an order was entered denying the prayer of the answer of the Chicago Securities Corporation; that on May 15, 1936, a decree was entered in the foreclosure suit, which decree found that the trustee Bobzien, as the owner of the mortgage, was entitled to a first lien on the premises and that the property should be sold to pay the debt and that the rents, issues and profits should be retained by said trustee to pay said indebtedness; that no mention was made of the Chicago Securities Corporation in said decree.

The record further shows that on May 23, 1936, a motion was made on the petition of the Chicago Securities Corporation to vacate the decree of May 15, 1936, and for leave to intervene. One of the principal reasons for said motion, after reciting the history of the foreclosure suit, is that no provision was made in the decree for the Chicago Securities Corporation, as

plaintiff in the ejectment suit. It appears from the petition of the last named corporation that it claimed that its rights were based upon a tax deed obtained by it upon assignment from one George J. Lawton for the sum of $2,307.19; that they also claim that the decree was entered without notice to them.

The record further shows that on May 23, 1936, the prayer for leave to intervene and to vacate the decree heretofore entered was denied; that on May 25, 1936, a notice of appeal was filed in the office of the clerk of the circuit court, by which the said Chicago Securities Corporation gave notice of an appeal from the entire order entered on April 25, 1936, refusing to dissolve the restraining order which had theretofore been entered on the 15th day of February, 1936, that again on the said date of May 25, 1936, notice of appeal was filed by the Chicago Securities Corporation from the entire decree of sale entered on May 15, 1936, for the reason as stated in the notice as follows:

". . . and prays that the same may be reversed and set aside for failure on the part of the plaintiff to serve the defendant, Chicago Securities Corporation, or its attorneys, notice as required."

This record discloses two law suits, one a bill to foreclose by the trustee, and the other a suit in ejectment; the latter resulted in a judgment in favor of the appellant. This latter suit was based on a tax deed. These suits were pending at the same time in different courts and involved the same premises. The court had at the request of the plaintiff, and without notice, enjoined the defendants-appellants and when the latter came before the court with an answer and a petition for leave to intervene in the foreclosure suit, the court denied such request and refused to either dissolve the injunction or permit them to intervene.

Subsequently, apparently a hearing was had on the issues set forth in the petition and the answer thereto

in which answer the defendants set up all their claims and asked that the decree of foreclosure be set aside, which the court denied. No evidence was heard on said petition and answer and the courts also denied the other relief prayed by defendants including the request to intervene.

Chapter 110, ¶ 153, sec. 25, Illinois State Bar Stats. 1935; Jones Ill. Stats. Ann. 104.025, provides as follows:

"153.] § 25. (BRINGING IN NEW PARTIES.) Where a complete determination of the controversy cannot be had without the presence of other parties, the court may direct them to be brought in. Where a person, not a party, has an interest or title which the judgment may affect, the court, on application, shall direct him to be made a party. A new party shall be brought in by the service of a summons, which shall be drawn in the usual form with the addition of the statement, preceding the *teste* thereof, that this summons is issued pursuant to an order of the said court made on a date named."

The purpose and intention of the Civil Practice Act is as set forth in par. 132, ch. 110, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 104.004, which reads as follows:

"132.] § 4. (ACT TO BE LIBERALLY CONSTRUED.) This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and the rule that statutes in derogation of the common law must be strictly construed shall not apply to this Act or to the rules made pursuant thereto.

"No statute hereafter enacted shall be construed to limit or affect the provisions of this Act or the rules adopted in accordance therewith, unless expressly declared to supersede or take precedence of designated

provisions thereof or designated rules adopted pursuant thereto.''

When it came to the notice of the court that other parties were claiming a lien on the said premises and an interest therein, it was the duty of the court to stop the foreclosure suit and direct that such claimants be made parties. The court should not have refused such parties the opportunity to be heard or to intervene and be made parties thereto and set up their interests. This would be imperative because to do otherwise would be in violation of Cahill's Ill. Rev. St. 1931, ch. 120, ¶ 240 (ch. 120, ¶ 210, Smith-Hurd Ill. Rev. Stat. 1931), which reads as follows:

''. . . No final judgment or decree of court in any case either at law or in equity or in proceedings under the Eminent Domain Act involving the title to or interest in any land in which such party holding such tax deed shall have an interest or setting aside any tax deed procured under this Act shall be entered until the claimant shall make reimbursement to the party holding such tax deed and payments as herein provided in so far as it shall appear that the holder of such deed or his assignors shall have properly paid or be entitled to in procuring such deed. . . .''

A motion was made in this court by the plaintiff for a dismissal of the defendants' appeal, which was reserved until a final hearing. We have considered said motion, but as the cause must be retried, said motion for dismissal is denied.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded with directions to permit the defendants to intervene in the said proceedings and be made parties thereto, and that the court may enter such further orders as are consistent with the views expressed in this opinion.

*Decree reversed and cause remanded with directions.*

HEBEL and HALL, JJ., concur.