(No. 25837.
ELSIE TAMAN, Appellant, *vs.* MILTON MARCUS *et al.* Appellees.

*Opinion filed December 16, 1940.*

ISRAEL DORDEK, for appellant.

HARRY A. BIOSSAT, for appellees.

Mr. CHIEF JUSTICE GUNN delivered the opinion of the court:

Appellant, Elsie Taman, brought an ejectment suit against appellees, Milton Marcus and others, for an undivided one-half interest in certain real estate the title to which was derived from tax deeds. The defendant answered that the tax deeds were void because no legal notice was given to the then owners, and because the purchaser at the tax sale permitted the property to be again sold and forfeited for non-payment of taxes before the expiration of the last date of the second annual sale. Motions of plaintiff to strike the answers were overruled, and she thereafter replied that if the tax deeds were invalid for any reason, defendant should be required to reimburse plaintiff for all payments made in obtaining said tax deeds, as provided by the Revenue act. (Ill. Rev. Stat. 1939, chap. 120, par. 751.) The court refused to permit replies to be filed upon the ground that the plaintiff was not entitled to be reimbursed under said section, and judgment was accordingly entered for the defendant.

The errors relied upon all go to the point that the court erred in finding the plaintiff was not entitled to reimbursement in the ejectment proceeding for taxes paid and in entering judgment for the defendant, and appellant agrees the sole point presented to this court is a proper construction of said section of the Revenue act, and argues if the construction contended for by the plaintiff be adopted by this court, then the judgment of the circuit court should be reversed.

It is apparent a freehold is not involved. While it is true that the original complaint was predicated upon a title obtained by a tax deed, yet when the answer brought forward facts showing the deed was void the plaintiff shifted her ground and attempted to obtain reimbursement under the Revenue act for the money paid out in a void tax pro-

ceeding. If this judgment were reversed neither would the plaintiff gain a freehold, nor the defendant lose one. Under the assignment of errors the question of reimbursement, only, would be decided. To justify this court in taking jurisdiction because a freehold is involved the result of the case must necessarily be that the one party gains and the other loses a freehold. (*Kagy* v. *Luke,* 357 Ill. 512; *Swinson* v. *Sodaman,* 369 id. 442.) Nor do we have jurisdiction to construe a statute on direct appeal, as it is only in cases where the validity of a statute is involved that a direct appeal to the Supreme Court is authorized. *Wilson* v. *Prochnow,* 354 Ill. 98; *First Nat. Bank* v. *Village of South Pekin,* 371 id. 605.

It appearing that this court has no jurisdiction, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*