Elsie Taman, Appellant, v. Milton Marcus et al., Appellees.

Gen. No. 41,642.

Opinion filed June 9, 1941.

ISRAEL DORDEK, of Chicago, for appellant.

HARRY A. BIOSSAT, of Chicago, for appellees.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought an ejectment suit asserting she had an undivided one-half interest in certain real es-

tate the title to which was derived from tax deeds; the court sustained the contention of defendants that these tax deeds were void; she then claimed a right to be reimbursed for all payments made in obtaining these tax deeds, as provided by section 224 of the Revenue Act of 1937 (Ill. Rev. Stat. 1937, ch. 120, par. 210 [Jones Ill. Stats. Ann. 119.245]). The trial court held she was not entitled to be reimbursed, and from this judgment she appealed directly to the Supreme Court, which, holding that no freehold was involved, transferred the cause to this court. (375 Ill. 210.)

The only point presented here is whether plaintiff is entitled to reimbursement for tax and legal costs paid by her under defective tax deeds where she has been defeated in an action of ejectment brought as the holder of such tax deeds. This involves a construction of § 224 (now 270) of the present Revenue Act. This was an amendment of a former section.

There are a number of decisions holding that under the former section the holder of an invalid tax title is only entitled to reimbursement when his tax title is attacked and set aside in a proceeding brought for that purpose by the owner of the land. *In re Ogden Apt. Bldg. Corp.*, 90 F. (2d) 712, 714; *City of Chicago v. Pick*, 251 Ill. 594, 599, 600. In *Gage v. Eddy*, 186 Ill. 432, the court said: "One who purchases land at a tax sale or becomes the owner of titles based upon tax liens is engaged in a venture for the purpose of reaping profits and gains. There is no rule of law or maxim of equity which he may invoke to compel the owner of the property to reimburse him the amounts he has invested in the venture, except in the event the property owner asks the aid of a court of equity to cancel the tax purchases, liens or deeds as clouds upon the title to the property." Moreover, in *Riverside Co. v. Townshend*, 120 Ill. 9, and *Glos v. Patterson*, 195 Ill. 530, it was held that section 224 had no application to an ejectment proceeding.

In ascertaining the intention of the legislature in amending an act the state of the law prior to the amendments must be considered, and the provisions of the statute as amended, so far as they are the same as those of the prior statute, shall be construed as a continuation of such prior provisions. Section 2, ch. 131, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 27.14]. *Spiehs v. Insull,* 278 Ill. 184; *Landry v. E. G. Shinner & Co., Inc.,* 344 Ill. 579.

The section now in question, as amended in 1919, reads: "Provided, that any judgment or decree of court, *in law or equity,* setting aside any tax deed procured under this Act, *or restoring the owner of same to possession,* shall provide that the claimant shall pay to the party holding such tax deed *the following:* All taxes and legal costs, as provided by law. . . ." (We have underscored the material words which were added to or changed the language of § 224.) The amendment also provided that no final judgment involving title to or interest in any land in which the party holding the tax deed shall have an interest or decree setting aside any tax deed procured under this act shall be entered "until the claimant shall make reimbursement to the party holding such tax deed. . . ."

In the cases above referred to the word "claimant" in the act has always been construed to be the plaintiff seeking relief against the holder of a tax title. The statute as amended evidences the intention of the legislature to reimburse the holder of a tax deed where the owner of the property as "claimant" successfully seeks the aid of a court to cancel such a tax deed, or where the owner of the tax deed, through it, obtains possession of the land. In either of such cases the amended statute provides that the "claimant," meaning the owner of the land, shall reimburse the party holding the tax deed.

Plaintiff cites *Bobzien v. Schwartz*, 289 Ill. App. 299, and *Phelps v. City of Chicago*, 331 Ill. 80, as supporting her claim for reimbursement, but in each of these cases the owner of the land was plaintiff or claimant and the tax holder was defendant. In no case has it been held that where a tax deed holder on his own initiative commences an action he is entitled to reimbursement, especially in ejectment where it is adjudged in effect that he holds no tax deed—what purports to be a tax deed being void.

In the present ejectment suit, based on tax deeds, it has been adjudged that plaintiff has no valid tax deeds to the premises involved, and this judgment is not questioned in this appeal. Under such circumstances she is not entitled to be reimbursed for the moneys paid for such void deeds.

For the reasons indicated we hold that the judgment of the trial court was proper and it is affirmed.

*Judgment affirmed.*

O'Connor, P. J., and Matchett, J., concur.