## LIZZIE F. ALEXANDER *et al.*

### *v.*

## GEORGE G. MERRICK *et al.*

*Filed at Ottawa September 26, 1887.*

1.  TAX SALE *of realty—on application of a city collector—void.* A judgment against real estate for city taxes, in 1871, for taxes of 1870, on the application of the city collector, and all proceedings thereunder, including precept, sale and certificate of purchase, are void, and no tax deed can be issued on such a sale.

2.  CLOUD UPON TITLE—*void tax sale—setting aside upon terms.* In accordance with the principle that a party seeking equity must do equity, a court of equity, in setting aside a void tax sale as a cloud upon title, will require the complainant to refund the taxes paid by the holders of the certificates of purchase on their purchase, and succeeding taxes, to protect their purchase.

3.  So on bill to set aside or cancel tax certificates of purchase as being clouds on the complainant's title, the correct practice is for the court to impose equitable terms to the relief, as, the payment of the money paid for the certificates of purchase and subsequent taxes, with interest thereon, and in case complainant declines or refuses to comply with such terms, to dismiss his bill.

4.  On bill by the purchaser of lots by warranty deed, against his grantors and the holders of certificates of purchase at tax sales, to set aside such certificates as clouds on the title, the court found the tax sales to be void, and perpetually enjoined the issuance of a deed thereon, and decreed that the grantors warranting the title should, within a time fixed, pay to the holders of the certificates the taxes paid under their purchases, with six per cent interest, and on default, that execution issue therefor: *Held,* that the decree setting aside the sales, and enjoining the making of deeds on the same without payment of the taxes, etc., was erroneous. The holders of the certificates should not be left to the risk of the solvency of the complainant's grantors.

5.  In such a case, a provision in the decree that after payment by the complainant of the taxes advanced by the holders of the certificates of purchase, or their assignors, with interest, he should have execution therefor against his grantors who had warranted the title to be free of tax liens, would not have been objectionable.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. ALLAN C. STORY, for the appellants W. K. and H. C. Reed:

The bill being brought to redeem from previous tax sales, only one of two decrees was legally possible: First, to grant the relief prayed for, upon payment by the complainant of the amount found by the court to be due to each defendant, for taxes admitted in the bill to have been paid upon said premises; or secondly, to dismiss the bill at the costs of Merrick, leaving all parties *in statu quo.* This is the rule uniformly recognized by the Supreme Court in similar cases, and to which there is no exception. *Barnett* v. *Cline,* 60 Ill. 205; *Phelps* v. *Harding,* 87 id. 442; *Farwell* v. *Harding,* 96 id. 32; *Moore* v. *Wayman,* 107 id. 192; *Smith* v. *Hutchinson,* 108 id. 662; *Gage* v. *Hervey,* 111 id. 305; *Gage* v. *Nichols,* 112 id. 269.

It is based upon the principle, that the complainant in such a bill is the actor, and invokes the aid of a court of equity to clear up or remove something which appears to be a claim upon his land, but for the reasons alleged is unsubstantial,— a mere cloud; and equity only acts when it is equitable so to do, always requiring complainant to do what is equitable, as a condition precedent to granting his prayer.

It was competent for the court below, after granting Merrick's prayer for relief against these tax claims, conditioned upon his first refunding the money found to have been paid by the appellants, respectively, in the same proceeding, and to avoid circuity of action, to decree the amount so paid against any warrantor of complainant properly before the court, and thus enforce the covenants of warranty contained in the deeds to complainant. In this attempt to decree the payment of the money from the Montgomerys, the primary and indispensable condition of the relief,—viz., that this money must first be

paid by Merrick,—was lost sight of by the court below. That court kept the equitable word of promise to the ear, and broke it to the hope. *Reed* v. *Tyler*, 56 Ill. 288; *Moore* v. *Wayman*, 107 id. 192.

Mr. JAMES E. MUNROE, and Mr. IRA J. GEER, for the appellants the heirs of John Forsythe, deceased:

It is well settled by the decisions of this court, that equity will not relieve against sales of land for taxes or special assessments, in cases where the tax or assessment was a lien on the land sold, except upon payment to the purchaser, or his assignee, of the amount of the tax or assessment to be paid, with legal interest. This has been the unquestioned law of this State ever since the case of *Reed* v. *Tyler*, 56 Ill. 288, was decided, in 1870. *Barnett* v. *Cline*, 60 Ill. 205; *Phelps* v. *Harding*, 87 id. 442; *Farwell* v. *Harding*, 96 id. 32; *Moore* v. *Wayman*, 107 id. 192; *Gage* v. *Nichols*, 112 id. 269.

The certificates were, by the decree, declared void, and removed as against the complainant, and all that Forsythe obtained by way of reimbursement, was a decree against the Montgomerys, who were and are insolvent. The actual doing of equity is the condition imposed upon one seeking equity, and if he fails to do equity within a time limited, his bill will be dismissed. *Farwell* v. *Harding*, 96 Ill. 32; *Reed* v. *Tyler*, 56 id. 288; *Moore* v. *Wayman*, 107 id. 192.

Mr. EDWARD. ROBY, and Messrs. BOUTELL & WATERMAN, for the appellee Merrick:

The principle, that he who asks equity must do equity, is carried as far as it will bear, when a debtor is required to pay a debt he owes as the condition of removing a cloud unlawfully placed on the title to his land. The taxes constituted a debt of Waller. To make Merrick pay the debt of another, as a condition to relief, is to compel him to buy justice. *Wilson* v. *McKenna*, 52 Ill. 48.

The law is, that in such cases as this at bar, the plaintiff may have his protection against a threatened trespass, without being required to pay another man's debt. The decisions are, that no condition will be imposed on granting the relief. *Wilmerton* v. *Phillips*, 103 Ill. 78; *Conwell* v. *Watkins*, 71 id. 489; *Railroad Co.* v. *Mathers*, 104 id. 257; *Clevinger* v. *Ross*, 109 id. 349; *Moore* v. *Wayman*, 107 id. 192.

The tax deed, if taken out, would have clouded a title till then clear, and inflict irreparable injury on Merrick. *Finch* v. *Martin*, 19 Ill. 105; *Reed* v. *Tyler*, 56 id. 291; *Hodgden* v. *Guttery*, 58 id. 431.

The city claims no lien, and no power was ever given to the city to assign the right to collect taxes or assessments. No person can bring a suit for any of them. *Farwell* v. *Harding*, 96 Ill. 37.

Messrs. SCHUYLER & KREMER, for the appellee Mrs. Forsman.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill filed in the circuit court of Cook county on July 9, 1873, by George G. Merrick, one of the appellees, against Henry Waller, Emily J. Montgomery and James Montgomery, her husband, the city of Chicago, Joseph Pollock county clerk, John Forsythe and William Kelsey Reed, for the purpose of cancelling certain sales for taxes of the lots described in the bill and situated in the city of Chicago, and compelling the surrender of the certificates of such sales, and enjoining the county clerk from issuing deeds thereon. The city answered, setting up that it had no claim against the property and made no claim of any lien thereon for any general or special taxes, assessments or water rates for any year prior to 1872. The bill was taken for confessed against Pollock, W. K. Reed and the Montgomerys.

The bill alleges, that September 1, 1870, Waller conveyed the lots to Emily J. Montgomery by warranty deed, therein

39—121 ILL.

covenanting and warranting them to be free from liens; that on July 14, 1871, Emily J. and James Montgomery conveyed the lots to Merrick, the complainant, for $85,000 by warranty deed, and therein covenanted and warranted that the lands were free from liens, taxes and assessments except for the year 1871; that, on July 5, 1871, the lands were sold for $475.60 for the general city taxes of 1870 to W. K. Reed, and were again sold on July 7, 1871, to said Reed for $27.36 for a special assessment for lamp-posts on Adams street; that June 22, 1871, the lands were sold for $695.61 to C. Walsh for a special assessment for curbing, filling and paving West Adams street, and were again sold on June 24, 1871, to John Forsythe for $41.28, amount due the city for special assessment for lamp-posts on Paulina street; that certificates of sale were issued by the city collector to said purchasers; that Walsh assigned his certificate to Forsythe and that Forsythe and W. K. Reed are the holders of the certificates; that said sales were made by the city collector of the city of Chicago, and were null and void, as being illegal and in violation of the constitution; that the city collector made reports and applications to the Superior Court of Cook county at its March term, 1871, for judgment for city taxes and special assessments of the year 1870, and that judgment was entered thereon by said court and precepts were issued to the city collector and sales were made by him in pursuance thereof; that the judgments so entered, if entered, were void for want of jurisdiction; that the records of the Superior Court were burned in the fire of 1871; that Forsythe and Reed threaten to apply to the county clerk for tax deeds upon said certificates and that the county clerk threatens to make such deeds; that the issue of such deeds by the clerk will cause complainant irreparable injury and depreciate the value of his land; that the sales so made for taxes and assessments are grievous clouds and incumbrances upon the title and ought to be removed; the

prayer is, that the title may be cleared from said sales and that the cloud created thereby may be removed.

Waller and Forsythe filed answers. In February, 1877, Henry C. Reed was granted leave, upon his petition therefor, to be made a defendant and to come in and answer. His answer was filed June 14, 1877, and sets up that, on September 12, 1871, W. K. Reed paid $243.34 for the State, county, town and school taxes for 1870 to protect his certificates, and that, on July 1, 1872, W. K. Reed assigned his two certificates to H. C. Reed, the present holder thereof. Replications were filed to the answers of Waller, Forsythe and H. C. Reed. Forsythe and Reed claimed in their answers, that, if the sales were set aside, complainant should be required to pay them the amounts advanced by them with interest. On April 25, 1883, Henry C. Reed filed a cross-bill, praying for the return of his advances and for an accounting, and offering to surrender his certificates upon being paid the amounts advanced by him with interest.

On July 9, 1883, the circuit court rendered a decree, in which it was, among other things, recited and decreed as follows :

"And it appearing that said several sales were illegal and void, being made by the city collector of the city of Chicago, on pretended judgments obtained on the application of said collector, at the March term of the Superior Court of Cook county, 1871, against the express prohibition of the constitution of the State, and that the county clerk of Cook county is not authorized to issue any deed thereon, and has no power to convey said land or any interest therein because of said several sales, and that any deed or deeds issued by such county clerk, based upon said sales, would be unlawful and void, but nevertheless would, on their face, appear to be valid, official acts of such clerk, and would cast a great cloud upon the title to said lands, and the issue of such deeds would greatly depreciate their value, therefore it is ordered by the court, that the said

injunction be and is hereby made perpetual, and the said county clerk and his successors are hereby distinctly forbidden to issue any deed or deeds upon said sales in said injunction mentioned, or any of them."

The decree also ordered that the Montgomerys or one of them should, within ninety days, pay to one of the masters of the court for the use of Henry C. Reed the amounts so paid out by W. K. Reed on July 5, 1871, and September 12, 1871, amounting, with interest at six per cent up to the date of the decree, to $1234.75, and also the $27.36 paid by W. K. Reed on July 7, 1871, amounting, with interest at date of decree, to $46.06, and that the master should pay said sums of $1234.75 and $46.06 to H. C. Reed upon the surrender by him of his two certificates. It was also ordered by the decree, that the Montgomerys or one of them should within ninety days pay to the master for the use of Forsythe the $695.61 and interest at six per cent from June 22, 1871, to date of decree, making $1098.41, and also the $41.25 paid on June 24, 1871, with interest thereon to date of decree, amounting to $61.10, and that the master should pay said sums of $1098.41 and $61.10 to Forsythe upon his cancelling the two certificates of sale, so issued to him.

The decree then concludes as follows:

"It is further decreed, that in case said Emily J. and James Montgomery fail to pay to said master said sums of $1234.75, $46.06, $1099.41 and $61.10, making in all $2442.32, with interest thereon from the date of this decree, within ninety days from the entry hereof, that execution issue therefor.

"It is further decreed, that if said plaintiff in this suit, his heirs or assigns, do, at any time within twelve months from the date of this decree, pay to said Henry C. Reed said first mentioned sum of $1234.75, with interest from this date, said Reed shall surrender said tax certificate dated July 5, 1871; or if said plaintiff, his heirs or assigns, do, at any time within twelve months from this date, pay to said Henry C. Reed said

second mentioned sum of $46.06, with interest from this date, said Reed shall surrender said certificate dated July 7, 1871; or if said plaintiff, his heirs or assigns, do, at any time within twelve months from the date of this decree, pay to said Forsythe said third mentioned sum of $1099.41, with interest from this date, said Forsythe shall cancel and satisfy said certificate dated June 22, 1871, and all claims based thereon; or if said plaintiff do, at any time within twelve months from the date of this decree pay to said Forsythe said fourth mentioned sum of $61.10, with interest from this date, said Forsythe shall cancel and satisfy said certificate dated June 24, 1871, and all claims based thereon; and this decree, for payment of such sums, or either of them, so paid by plaintiff or his heirs or assigns, shall stand against said James and Emily Montgomery, and be collected from them for the use and benefit of the person or persons so paying; but if said plaintiff, his heirs or assigns, shall elect not to pay said sums, or either of them, within such twelve months, they shall be barred of all right so to pay and demand the surrender of such certificates for which they shall not have paid, as aforesaid."

The case comes before us by appeal from the judgment of the Appellate Court, which affirmed the decree of the circuit court.

The illegality of the tax sales is admitted by counsel for the heirs and representatives of Forsythe in their brief filed in this court, and is also expressly admitted by the appellant, Henry C. Reed, in his cross-bill filed in the circuit court. There can be no doubt of the invalidity of such sales and of the certificates issued thereon. The judgment of the Superior Court for the delinquent city taxes and assessments of 1870 was rendered upon the application of the city collector of the city of Chicago. Such judgment was unauthorized and void for want of lawful authority on the part of the city collector to make such application under the constitution of this State. Consequently the precept or process issued on the judgment

was without proper legal authority. The sales, made there-under by the city collector and not by a "general officer of the county having authority to receive State and county taxes," (Const., art. 9, sec. 4,) were void. The certificates issued by the city collector and held by Reed and Forsythe were illegal and void, and no tax deeds could be lawfully issued thereon. This is in accordance with a number of decisions made by this court. *Hills* v. *Chicago*, 60 Ill. 86; *Webster* v. *Chicago*, 62 id. 302, and other cases.

But the bill in this case does not attack the city taxes of 1870 or the special assessments for paving and for lamp-posts, as being unjust, illegal, fraudulent or oppressive. So far as appears to the contrary, the taxes and assessments, which were reported to the Superior Court by the city collector, and for the non-payment of which the sales were made, were fair and legal and were just liens upon the property in favor of the city. The money paid by the purchasers at the tax sales was used in paying the city taxes for 1870 and in paying for the paving of Adams street and for the lamp-posts on Adams and Paulina streets. By such use of it the property of complainant was benefited.

The complainant claims that the certificates of sale were clouds upon his title and obstacles in the way of its beneficial enjoyment. He asks a court of equity to dissipate these clouds and remove these obstacles. He, who seeks equity, must do equity. The court below by its decree should have required the complainant to refund the taxes paid by Reed and For-sythe as a condition to granting the relief prayed for. That such a requirement is proper in cases of this kind has been repeatedly held by this court. *Phelps* v. *Harding*, 87 Ill. 442; *Farwell* v. *Harding*, 96 id. 32; *Reed* v. *Tyler*, 56 id. 288; *Barnett* v. *Cline*, 60 id. 205; *Moore* v. *Wayman*, 107 id. 192; *Gage* v. *Nichols*, 112 id. 269.

Although the relief may be granted on condition that complainant pays the money, yet he can not be compelled to pay

unless he desires the relief. The correct practice is for the court to impose equitable terms, and, in case the complainant declines or refuses to comply with those terms, to dismiss his bill. *Farwell* v. *Harding, supra.*

The practical effect of the decree in this case is to grant to the complainant all the relief for which he asks without requiring him to refund the advances made by appellants. The Montgomerys are ordered to pay the money in ninety days, and, if they do not, execution is directed to be issued against them. If nothing should be realized on the execution, appellants would receive nothing, and yet the decree declares the certificates void and perpetually enjoins the county clerk from issuing deeds on them.

The complainant has the option of paying Reed and Forsythe the amounts due to them within twelve months. If he pays such amounts, he is to have the certificates cancelled and the decree against the Montgomerys is to stand in his favor. If he does not pay such amounts, he is simply debarred of the right to demand a surrender of the certificates, but he still has a decree in his favor declaring the certificates void and perpetually enjoining the issuance of the tax deeds. It is very manifest, that complainant would not care to get the certificates out of his way by paying for them, if the decree already put them out of the way for him whether he paid for them or not.

We think the court should have decreed the relief asked for upon condition that complainant should pay the amounts found due with interest, and that, if he did not do so within a certain time, his bill should be dismissed. A provision in the decree that, after such payments had been made by him, he should have execution therefor against the Montgomerys, his grantors, who had warranted the title to be free of tax liens, would not have been objectionable. But the fact, that he bought the property without actual knowledge of the tax sales and received a covenant of warranty from his vendors

that the land was free from tax liens, entitles him to no other or different relief as against the holders of the tax certificates than would have been granted to him if he had been the owner of the property at the time it first became subject to the lien of the taxes and special assessments. In *Phelps* v. *Harding, supra,* the party applying for relief against the tax certificates was not the owner of the land described in such certificates when the sales for taxes took place. It is the complainant and not his grantor, who is asking for the removal of the certificates owned by the appellants. The latter have nothing to do with the rights of the complainant under the covenants of warranty entered into by his grantors.

It is unnecessary to discuss or pass any opinion upon the plea to the writ of error issued from the Appellate Court, as the case must be remanded to the circuit court.

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court for further proceedings in conformity with the views here expressed.

*Judgment reversed.*