JACOB GLOS

*v.*

ALONZO H. HAYES.

*Opinion filed February 21, 1905—Rehearing denied April 6, 1905.*

1. EQUITY—*equity has jurisdiction to set aside tax sale.* The fact that the certificate of sale sought to be set aside had been surrendered and a deed issued at the time the bill was filed does not deprive the court of jurisdiction, where the bill not only seeks a cancellation of the certificate but attacks the tax sale as void, and prays that the sale, certificate of sale and any tax deed that may have been issued thereon be canceled and set aside.

2. PLEADING—*when bill sufficiently describes tax deed.* A bill to set aside a tax sale and the certificate of sale, "and any deed that has been or may be issued" thereon, sufficiently describes the deed, where the bill specifically identifies the sale and the certificate, and the decree finds the sale, certificate and deed to be void, and directly connects the deed, which was filed for record after the bill was filed, with the averments of the bill respecting the particular sale and certificate.

3. JUDGMENTS AND DECREES—*when findings of the decree as to ownership and occupancy are sufficient.* Findings in a decree canceling a tax deed as a cloud, that the court has jurisdiction and that the allegations of the bill are true, that complainant is the owner of the premises and derived title thereto by a certain warranty deed, and that the premises are vacant and unimproved, are sufficient, both as to the ownership of the premises and their condition of occupancy at the time the bill was filed.

APPEAL from the Circuit Court of Cook county; the Hon. EDWARD O. BROWN, Judge, presiding.

Appellee filed his bill in the circuit court of Cook county to set aside a certain tax certificate and deed issued thereon. The bill alleges that appellee is the owner of certain premises therein described, which on October 1, 1900, were sold to appellant at a tax sale for the general taxes of 1899 and a certificate of sale issued thereon; that said tax sale was void because certain requirements of the statute had not been complied with; that the period of redemption had expired and that the year within which the appellant was required to take out a deed had not expired; that appellee was willing to pay whatever amount of money the appellant had paid in taxes, interest and costs, which sum was brought into court. The prayer of the bill was that the tax sale certificate, and any deed that had been issued or might thereafter be issued as a result of the tax sale, be declared null and void and set aside and vacated as a cloud upon appellee's title. A general demurrer was filed to the bill, which was overruled, and the defendant thereupon filed his answer denying the allegations of the bill, and upon a hearing before the court a decree was entered in substantial conformity with the prayer of the bill.

JACOB GLOS, *pro se*, (JOHN R. O'CONNOR, of counsel.)

WILLIAM A. ADAMS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is first insisted by appellant as a ground for reversal, that at the time the bill was filed the certificate of sale had been surrendered and a deed issued; that by this act the certificate became inoperative and was therefore void, and a court of equity was without jurisdiction to set aside, annul, vacate or cancel a certificate already void and which did not constitute a cloud upon appellee's title. This contention

might be true if the only relief sought by the bill was with reference to the certificate of sale; but the allegation of the bill was that the tax sale, and the certificate issued thereon, were null and void, and the prayer was that the tax certificate, or any deed that may have been issued or which might thereafter be issued as a result of said tax sale, be declared null and void. The basis of the action was, in fact, the setting aside of the tax sale itself, upon the ground that certain requirements of the statute had not been complied with. If the sale itself should be set aside, then the certificates and deeds issued by virtue of said sale would also become null and void. There can be no question but that a court of equity has jurisdiction to cancel a tax sale which has been made contrary to the provisions of the statute. *Alexander v. Merrick,* 121 Ill. 606; *Gage* v. *Busse,* 94 id. 590; *Ames v. Sankey,* 128 id. 523.

It is next insisted that the tax deed canceled by the decree is not sufficiently described in the bill; that the only reference in the bill to the deed is by the description of "any deed that has been or may be issued;" that such a description is too indefinite, vague and uncertain to give a court of equity jurisdiction to set the deed aside. The bill specifically states that the property in question was sold at a tax sale held on the first day of October, 1900; that the tax sale, and the certificate issued thereon, were null and void, and that any tax deed which may have been issued or may be issued thereon will be null and void. The decree found that the property in question was sold at a tax sale on the first day of October, 1900; that a certificate of that date was issued to appellant, and that the tax deed issued upon this certificate is void, although filed for record subsequent to the filing of the bill. The decree described the deed as "tax deed 4900," which was issued upon the tax certificate of sale. It would seem that there is a direct connection in the averments of the bill and the findings of the decree between a particular tax sale held on October 1, 1900, and the tax sale certificate is-

sued on said sale and the tax deed which was based upon the certificate. This sufficiently identifies the deed.

It is next claimed that there is no finding in the decree either as to the ownership of the premises described in the bill or to their condition as to occupancy at the time the bill was filed. The bill alleges that Alonzo H. Hayes is the owner and seized in fee simple of certain lots specifically described. . The decree finds that the court has jurisdiction of the person and of the subject matter and that the allegations of the bill are true; that the complainant, Alonzo H. Hayes, is the owner of the premises described in the bill; that he derived title thereto by a warranty deed from Charles F. Hayes dated May 16, 1895, and that the premises are vacant and unimproved. We think the allegations of the bill and the findings in the decree are clearly sufficient, both as to the ownership of the premises and the condition they were in at the time the bill was filed. If the defendant desired to urge the objection that the bill failed to show whether the premises were occupied or vacant he should have stood by his demurrer. He did not raise the question in his answer.

The last ground of reversal is, that the decree cancels the entire deed without limiting it to the premises described in the bill. The record does not sustain the contention. The recital of the decree as to the deed is as follows: "That the tax deed 4900, issued to said Jacob Glos by the county clerk of Cook county upon the tax sales certificate, is void in so far as said tax deed relates to the property herein described, and the same is hereby set aside and canceled as a cloud on the title of complainant." The decree does not set aside the deed except in so far as it applies to the premises described in the bill.

We find no reversible error, and the decree of the circuit court will be affirmed.                 *Decree affirmed.*