ALLEN & REED, INC. *vs.* INVESTMENTS, INC.

MARCH 5, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

458

FLYNN, C. J. This is a bill in equity brought by Allen & Reed, Inc., a Rhode Island corporation, against Investments, Inc., another Rhode Island corporation, to have declared invalid and to set aside, as a cloud upon the complainant's title, a tax deed to certain real estate of the complainant. The property was sold to the respondent by the City of Providence at a tax sale, on June 14, 1934, for non-payment of taxes assessed by said city against said real estate for the years 1932 and 1933.

The respondent first filed a substantial demurrer to the bill of complaint which, after hearing, was overruled by a justice of the Superior Court, and to this ruling the respondent duly excepted. The respondent then filed its answer and the cause was heard in the Superior Court upon bill, answer and evidence by a justice in equity, who granted the prayer of the bill of complaint to set aside the tax deed to such real estate, and also granted the prayer for an injunction against the sale, mortgage or transfer thereof, or the recording of the deed thereto, by the respondent. A final decree was entered accordingly from which the respondent duly took an appeal, and the cause is before us on this appeal.

The respondent's reasons of appeal contain several grounds, of which the fifth, sixth and seventh are chiefly relied upon. The fifth ground relates to the alleged error of the justice in refusing to sustain the respondent's demurrer to the bill of complaint, and the sixth and seventh relate to the requirements of General Laws, 1923, Chapter 62, with reference to service of the notice of the levy and

of the time and place of the tax sale, and to the legal sufficiency of the service of that notice in the instant case. In view of our decision upon the respondent's demurrer, however, it will be unnecessary to consider the above statute or to determine the legal sufficiency of the notice and of the tax sale in the instant case.

The bill of complaint substantially alleges that the complainant owned certain real estate in question; that the taxes assessed by the City of Providence against said real estate for the years 1932 and 1933 had not been paid; that this property was sold by the city for non-payment of said taxes, at a tax sale held on June 14, 1934, at which sale it was purchased by the respondent, which received from the city treasurer a tax deed thereto; that this tax deed was not recorded in the land records of Providence at the time the bill of complaint was filed; that the tax sale in question was invalid in that the city treasurer and tax collector had not complied with all of the requirements of the statute in connection with the giving of notice to the complainant of the levy and of the time and place of the tax sale; that the outstanding tax deed held by the respondent was therefore void and constituted a cloud upon the complainant's title to the property; wherefore the complainant prayed that the tax deed be declared null and void; that it be set aside as constituting a cloud upon its title; and that the respondent be enjoined from selling, mortgaging or transferring said property and from recording said tax deed in the land records of Providence.

The respondent, by its demurrer, and for the purpose of decision thereon, admits the allegation of the bill that proper service on the complainant of the notice of levy and sale had *not* been made by the city, in compliance with the pertinent statute above referred to. Notwithstanding this irregularity as alleged, the respondent contends that the bill of complaint is fatally defective, in that it fails to allege payment, or offer or tender of payment, of the amount of the taxes lawfully assessed and levied against this prop-

erty, which were due at the time of the sale and which were paid by the respondent in purchase of the tax deed in question.

The respondent's demurrer, therefore, raises the question whether the complainant, as owner of real estate sold for nonpayment of legal taxes, properly assessed and levied, can successfully maintain a bill in equity to set aside the tax deed, as a cloud on the complainant's title, without first showing payment or tender of payment, or offer to make payment to the purchaser and holder of the tax deed of the amount of legal taxes, which were properly due at the time of the sale and were paid by the purchaser.

Counsel for both parties agree that this specific question has not been decided previously in this State, and therefore they have presented no Rhode Island authorities governing its decision.

In seeking the proper rule to be applied, it should be kept in mind that we are not concerned with a case where the purchaser affirmatively is seeking equitable relief against the owner for a money judgment, or otherwise; or where the purchaser has, by his pleading or evidence, placed the validity of the tax deed directly in issue, as in an action at law to determine his title or right to possession. In the instant case, the owner seeks relief against the purchaser; the bill nowhere charges that the property was not liable for taxation, or that the taxes were unlawfully assessed or levied, or that enforcement thereof was unjust and inequitable. The complainant does not allege, or excuse its failure to allege, that these taxes, or any part thereof, have been paid or tendered to the purchaser, or that it stood ready to make payment if granted a decree. It insists that it is entitled to seek the aid of the equity court to set aside the tax deed, as a cloud upon its title, without payment or offer or tender of payment of the amount of the lawful taxes, properly assessed and levied, which were due at the time of sale and which were paid by the respondent in purchase of the tax deed.

To sustain the complainant's contention would, in substance, result in aiding the complainant to escape his fair share of the burden of a legal tax, and thereby to obtain an unjust enrichment. The equity court will hesitate to lend its aid in effecting such an injustice. The proper solution, in our opinion, will be based upon the fundamental and familiar maxim of equity, "he that seeks equity must do equity."

The rule, which appears to us to be applicable to the facts in the instant case, seems to be stated correctly in Black on Tax Titles, (2d. ed.), § 442, as follows: "The maxim, 'he that seeks equity must do equity', requires that a party seeking to have a tax deed set aside as a cloud upon his title to real estate must offer to repay to the purchaser the amount of all taxes and costs, paid by him, which were a just and legal charge upon the land, with interest; *and it is error to set aside a tax sale for mere irregularities, not affecting the substantial justice of the tax, without requiring such payment.*" (Italics ours.)

The same underlying principle and rule are substantially recognized and stated in similar terms in 4 Cooley on Taxation, (4th ed.) § 1508, and again in 61 Cyc. 1410.

A great many cases on this point are collected and discussed in the annotation to the case of *Holland* v. *Hotchkiss,* 55 L. R. A., 1915 C, 492-513. The greater weight of these authorities appears to sustain the substantive right of the respondent to reimbursement of the amount of a *legal* tax paid by it before the owner of the property sold for nonpayment of taxes can successfully maintain a bill in equity to set aside a tax deed, as a cloud upon its title, and to have entered a decree granting relief like that sought and obtained in the instant case.

The complainant contends that a tender or offer of reimbursement of the money paid out by respondent in obtaining its tax deed is not necessary where the tax sale is clearly illegal. It insists that it falls within an exception to the rule cited by the respondent. The three cases relied upon by the complainant to support this contention will

be found to be distinguishable from the instant case upon their facts. They are cases where the *original tax*, in whole or in part, was illegal and improperly assessed, rather than cases of irregularity in the proceedings to hold a tax sale, where there is no question about the legality and propriety of the tax itself; or where the holder of the tax deed is seeking, in an action or cross-action, such *affirmative* relief that the sufficiency and validity of his tax deed is placed directly in issue; or again where a deposit of money, required to be made under a statute before the complainant could "begin" its action, regardless of the validity or invalidity of the tax, was held to be improper. None of these cases are exactly in point. In any event, the great weight of authority, as indicated above, is contrary to the complainant's contention.

Under the circumstances, it is our opinion that the justice erred in refusing to sustain the respondent's demurrer, and in thereafter entering the decree in question, without requiring as a condition of its entry, reimbursement of the amount of the legal taxes, which were paid by the respondent in purchase of the tax deed.

For the reasons above stated, therefore, the respondent's appeal is sustained and the decree appealed from is reversed.

We are aware that our decision does not necessarily dispose of the case finally. However, it is desirable in an equity case to obtain, if possible, a final disposition thereof, while it is on appeal, especially where it has been substantially heard otherwise on its merits. Since the instant case presents some exceptional features, it appears to us that the parties should be heard on a form of suitable decree to be entered in the Superior Court.

With this in view, the parties may, on March 15, 1937, present to this court for approval a form of such decree, consistent with our opinion, to be entered in the Superior Court

*Russell W. Richmond*, for complainant.

*Lisker, Sullivan & Lisker*, for respondent.