ESTHER L. McGUIGAN *vs.* WALTER F. FITZPATRICK *et al.*

MAY 20, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, J.J.

Moss, J.   This is a suit in equity brought against the first respondent, city treasurer of the city of Providence, and Bonded Municipal Corporation, a corporation of the state of New York. The principal relief sought is that a tax sale and tax deed, made by the first respondent, as such city treasurer, to the second respondent and covering certain real property in the city of Providence, be declared null and void.

The material facts are not in dispute and are as follows. On January 7, 1926, Peter K. Poladian, then the owner of the property, executed and delivered a mortgage of it, his wife joining therein, to James J. Costigan, father of the complainant, securing his promissory note to the mortgagee for $6000. The mortgagee died on November 26, 1930; and the note and mortgage passed, as a part of his estate, to the complainant, who was duly appointed the executrix of his will. The mortgagor continued to be the owner of the property, subject to the mortgage, until the execution and delivery of the above-mentioned tax deed, which has not been recorded.

A city tax was assessed as of June 15, 1933, against the mortgagor as owner of the property; and another city tax was assessed as of June 15, 1934, against him as such owner. Both of these taxes remained unpaid until the delivery of the above-mentioned tax deed. In 1934, the city treasurer advertised the property for sale for nonpayment of the 1933 tax, the first date of sale being given as June 7, 1934. On that date the sale was postponed to a certain date, and there were successive postponements until September 26, 1935, when the entire property was sold to the respondent corporation for $193.20, the amount then payable for the 1933 tax, but *subject to the 1934 tax.*

When the tax deed was delivered to the corporation, the city treasurer insisted on the payment of the amount of the 1934 tax, including interest, and the corporation paid that amount also, $174.55. The deed was then delivered, the consideration recited therein being the sum of these two amounts, $367.75. No notice of the proposed sale was ever

given to the complainant, executrix of the will of the mortgagee and then the holder of the mortgage.

The complainant, in December 1935, was advised of the tax sale. Thereafter, as executrix of the will of the mortgagee and as such the holder of the mortgage, which was then in default, she proceeded to foreclose under the mortgage, by the exercise of the power of sale therein. At the foreclosure sale she purchased the property in her individual capacity for $4000, which she paid with her own money. She then, as executrix, executed to herself a mortgagee's deed of the property.

Thereafter she brought the present suit. After a hearing in the superior court on bill, answers and evidence, in which the facts above stated were proved, or admitted by the parties to be true, a decree was entered, in which the relief asked for in the complainant's bill of complaint was decreed, but only on condition that she pay to the respondent corporation, within thirty days after the decree became final, the above-mentioned sum of $367.75. The decree also provided that in the event that such payment were not made within such time, the bill of complaint should be taken as dismissed. The case is now before us on the complainant's appeal from this decree, the only reason of appeal now relied on being based on the condition above stated. No appeal was taken by either of the respondents.

We have held in *Allen & Reed, Inc.* v. *Investments, Inc.,* 57 R. I. 457, 190 A. 447, that if an owner of real property brings a bill in equity for the annulment of a tax sale and deed of that property, which have been made for the collection of a valid tax assessed against him as the owner of the property and levied thereon, he must, as a condition of having the sale and deed set aside for noncompliance with the requirements therefor, reimburse the purchaser for the purchase price paid by such purchaser. This holding was based on the maxim of equity that "he that seeks equity must do equity"; and we held that any

right of the complainant to have the tax sale and deed in that case set aside was subject to such condition.

The first question for us to decide is whether under this maxim the complainant in the instant case should be required, as a condition of having the sale and deed here involved set aside, to pay the respondent corporation the amount paid by it in satisfaction of the 1933 tax, for the collection of which the sale was made by the city treasurer.

It is clear that the sale was not binding on the complainant as the executrix of the will of the mortgagee and as such the owner of the note and mortgage, because no notice of the proposed sale was given to her. Let us suppose that she, before selling the property, under the power of sale, for default in the payment of the mortgage note or of the interest thereon, had brought a suit in equity to set aside the sale and deed, and that the purchaser at the tax sale had paid only the amount of the 1933 tax lien. If she had been allowed, in that suit, to have the sale and deed set aside without paying anything to the purchaser, she would then have held the property free and clear of the lien of that tax, which before the sale took place was secured by a lien on the property prior to the lien of the mortgage; and the estate of the mortgagee would have been benefited by the discharge of the prior lien at the expense of the purchaser at the tax sale. If, as proved to be the case, the salable value of the property was less than the mortgage debt, the amount of the benefit would have been the amount which had been secured by the prior tax lien.

In our opinion, that would have been an unjust enrichment. For that reason, we are of the opinion that, in accordance with the above maxim, she as such executrix would have been required in such a suit, as a condition of getting the relief sought, to pay to the purchaser at the tax sale the amount that had been secured by the prior tax lien at the time of the tax sale.

In our judgment, the real reason for applying the above maxim in a suit in equity for the setting aside of a tax sale and a resulting tax deed is that the complainant in such a suit has no equitable right to be put into a better position than he would have been in, if no tax sale had been held, and thus to be enriched at the expense of the purchaser at the tax sale. This reason applies as clearly in the case just supposed, as in the case of *Allen & Reed, Inc.* v. *Investments, Inc., supra.*

Assuming that the purchaser did not pay the 1934 tax, we have found that the complainant, as executrix of the will of the mortgagee and as such the holder of the mortgage and mortgage note, could not have maintained a suit for the setting aside of the tax sale and deed, except upon the condition of paying to the purchaser at the tax sale the amount secured by the 1933 tax lien that was prior to the mortgage. The next question then is whether she could get rid of that condition by selling the property at foreclosure sale under the power of sale, with knowledge of the tax sale and deed, and buying it herself individually and taking a deed of it.

It is our opinion that she could not, because to allow her to do so would be to allow her to make use of the equity powers of the court to get an unjust enrichment at the expense of the respondent corporation. If she were allowed to do this, she would be in a better position than if no tax sale had been held, because, if none had been held, the property would have been received by her subject to the lien for the tax.

We are, then, of the opinion that the complainant is not entitled, in this suit, to have the tax sale and deed set aside without paying to the respondent corporation the amount which, at the time of the tax sale, was secured by the 1933 tax lien prior to the mortgage. A similar result was reached in at least two cases, and we have found no authority to the contrary. These cases are *Phelps* v. *Harding,* 87 Ill. 442, and *Alexander* v. *Merrick,* 121 Ill. 606, 13 N. E. 190.

In the former of these cases the complainant was the purchaser of certain real property at a mortgage foreclosure sale

in June 1875 and brought a suit in equity to set aside tax sales of the property made in 1873 and 1874 and the tax sale certificates issued to the purchasers at those sales. The lower court held that the tax sales and certificates were invalid and entered a decree accordingly, without requiring any payment by the complainant to the holders of the certificates as a condition for obtaining the relief sought.

On appeal to the supreme court, this decree was reversed, because no such condition had been imposed. At page 445 the court says: "The defendant in error is the aggressor in this controversy, as he claimed the interposition of a court of equity to compel the cancellation of these tax certificates held by the Farwells against these premises, in order that he might be quieted in the possession of the property. . . . Those taxes were a charge upon the land, and have been paid by plaintiffs in error, and it seems equitable that the defendant in error seeking to set them aside, should be allowed to do so, upon the condition that he refund the taxes paid and the amount expressed in the certificates of sale, to the plaintiffs in error. . . . The view taken by the court below was injustice to plaintiffs in error, and the decree must be reversed, and the cause remanded, with directions to enter a decree consistent with this opinion."

The same result was reached on the same ground in the second case above cited, on similar facts, except that the principal complainant, who was seeking by a bill in equity to have some invalid tax sales and certificates set aside, was not a purchaser of the property at a foreclosure sale, but had received it by a warranty deed from the former owner after the tax sales had been held and the tax certificates delivered. At page 614, (193), the court says: "The complainant claims that the certificates of sale were clouds upon his title, and obstacles in the way of its beneficial enjoyment. He asks a court of equity to dissipate these clouds, and remove these obstacles. He, who seeks equity, must do equity. The court below, by its decree, should have required the complainant to

refund the taxes paid by Reed and Forsythe as a condition to granting the relief prayed for. That such a requirement is proper in cases of this kind has been repeatedly held by this court." The court then cites *Phelps* v. *Harding, supra,* and five other Illinois cases.

The two cases which we have just discussed are cited and quoted from, with approval, in *Gage* v. *Consumers' Electric Light Co.,* 194 Ill. 30, 64 N. E. 653. At page 35, (655) the court says: "There is a long line of cases holding that it is immaterial, so far as the authority to impose this condition of re-imbursement in an order canceling or setting aside tax deeds is concerned, whether the action be by the owner who held the title at the time of the tax sale or by a subsequent owner." See also *Grant* v. *Cornell,* 147 Cal. 565, 82 P. 193.

The tax of 1934 still remains to be considered. The complainant contends that at any rate the respondent corporation is not entitled in this suit to any protection as to the money which it paid in satisfaction of that tax, because it paid that money voluntarily. But it was paid on the insistence of the city treasurer, and if a deed had been made and delivered on payment of only what was necessary to discharge the 1933 tax, the property could have promptly been sold for collection of the 1934 tax. This is so because the property was sold *subject to the 1934 tax,* which would have been secured by a first lien on the property, ahead not only of the title to the equity of redemption which would have passed under the deed to the purchaser, but also of the mortgage. Therefore, it is our opinion that the same reasoning which we have applied to the 1933 tax applies also to the 1934 tax; and that the complainant is not equitably entitled, in this suit, to be put into any better position than she would now be in, if no tax sale had been held. If none had been held, she would now be the owner of the property, but subject to the liens for *both* of the taxes.

In *Alexander* v. *Merrick, supra,* the amount which the complainant was required to pay to one of the respondents, as a condition of getting that respondent's tax certificates set aside, included sums of money which the latter, in order to protect his certificates, had paid for certain state, county, town and school taxes on the property involved in that case.

In *Smith* v. *Gage,* 12 Fed. 32 (C. C. 1882), it is held that a party in the possession of land, to whose benefit has enured the payment of subsequent taxes and assessments upon such land by a party holding a tax deed based on a sale for prior taxes on the property, should not have the tax deed set aside except upon such terms as will reimburse the holder of it, not only for what he paid for the tax deed, but also for the taxes and assessments later paid by him for the purpose of protecting his tax title to the property.

In our judgment the rule which is laid down and applied in that case and which is applied in *Alexander* v. *Merrick, supra,* is the correct rule; and in order to be entitled to the relief sought by her, the complainant must pay to the respondent corporation not only the amount above stated as to the 1933 tax but also a corresponding amount as to the 1934 tax.

As the complainant has derived her title to the property from the mortgagee and not from the owner of the equity of redemption therein, the amount to be paid by her as to the 1933 tax would not be the full amount of $193.20, which, as above stated, the respondent corporation paid as to the 1933 tax, but that amount reduced by that part of it which covered the expense of giving notice of the tax sale and other expenses of the sale. As to the 1934 tax, the amount to be paid by the complainant would be the amount of $174.55, which, as above stated, the respondent corporation paid for the 1934 tax. The deduction to be made from the amount of $193.20, in determining the amount to be paid by the complainant as to the 1933 tax

requires that the decree appealed from be modified so that a like deduction will be made from the total amount to be paid by the complainant to the respondent corporation as a condition of having the sale and deed to it declared null and void.

The appeal of the complainant is sustained in part only, and the decree appealed from must be modified in accordance with this opinion.

On June 6, 1938, the complainant and the respondent corporation may present such a modified decree to be ordered to be entered in the superior court.

*Frank H. Wildes,* for complainant.

*Lisker, Sullivan & Lisker,* for respondent, Bonded Municipal Corporation.